## WOMACK v. BOWLES, Price Adm'r.

### No. 151.

United States Emergency Court of Appeals. Heard at Phœnix Oct. 7, 1944.

Decided Dec. 6, 1944.

Arthur M. Davis, of Phœnix, Ariz. (Rawlins, Rawlins & Davis, of Phœnix, Ariz., on the brief), for complainant.

Joseph S. Jenckes, Area Rent Atty., of Phœnix, Ariz. (Richard H. Field, Gen. Counsel, Nathaniel L. Nathanson, Associate Gen. Counsel, and Warren L. Sharfman, Chief, Court Review Rent Branch, all of Washington, D. C., Robert T. Mack, of Chicago, Ill., and Adelyn Disler, of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MAGRUDER and LAWS, Judges.

MARIS, Chief Judge.

The complainant is the owner of the Palmcroft Apartments in Phœnix, Arizona, consisting of 32 apartment units, construction of which was completed between August and October, 1943. The complainant had been granted a priority rating from the Federal Housing Administrator for the construction of these apartments which rating approved a maximum rent of $45 for each apartment covering shelter only. As soon as each unit was completed the complainant furnished and rented it, the first unit being rented August 25, 1943 and the last October 11, 1943. The rents charged were $90 and $92 per month. On November 10, 1943 the complainant registered all 32 apartments with the Phœnix Defense Rental Area office showing the first rental as the maximum rent.

On December 28, 1943 the Area Rent Director notified the complainant of his intention to reduce the rents of all 32 apartments. The Director and the complainant each submitted a list of properties deemed comparable and after several conferences the parties agreed to a schedule of revised rents. The Director ordered the maximum rents to be reduced to these agreed rates by orders entered on March 7, 1944. As to all but the one apartment rented on October 11, 1943 the orders provided that the reduced rents should be retroactive to the date of first renting. A protest against the

---

retroactive provisions of these orders was filed May 6, 1944 and denied June 8, 1944. The present complaint in this court was filed July 7, 1944.

The sole question raised in this court is whether the Area Rent Director erred in providing that the reduction in the maximum rents of those apartments for which registration statements were not filed within 30 days of the first renting should be retroactive to the date of the first renting in each case. The Area Rent Director's action was taken pursuant to Section 4(j) of the Rent Regulation for Housing which had been added to the regulation by Amendment 2 effective July 1, 1943.[1] The subsection provides:

"Section 4. Maximum rents * * * shall be:

"(j) For housing accommodations changed on or after July 1, 1943, from unfurnished to fully furnished, the first rent for such accommodations after such change. The Administrator may order a decrease in the maximum rent as provided in section 5(c) (1).

"Within 30 days after the accommodations are first rented fully furnished, the landlord shall register the accommodations as provided in section 7. If the landlord fails to file a registration statement within the time specified, the rent received from the time of such first renting shall be received subject to refund to the tenant of any amount in excess of the maximum rent which may later be fixed by an order under section 5(c) (1). In such case, the order under section 5(c) (1) shall be effective to decrease the maximum rent from the time of such first renting. The foregoing provisions and any refund thereunder do not affect any civil or criminal liability provided by the Act for failure to file the registration statement required by section 7."

It is clear that Section 4(j) requires that an order reducing the maximum rent for accommodations to which the subsection applies shall be retroactive to the date of first renting fully furnished in case the landlord has failed to register the accommodations within 30 days after that date. The record shows that the present complainant failed to register 31 of his apartments within that time. It follows, therefore, that the Area Rent Director's retroactive orders were supported by the regulation if Section 4(j) is applicable. The com-

plainant asserts, however, that there was no change in his housing accommodations from unfurnished to fully furnished but that they were all originally rented fully furnished. He argues, therefore, that Section 4(j), which relates only to accommodations where such a change has taken place, does not apply to his case and accordingly does not furnish support for the protested orders.

The difficulty with complainant's contention is that maximum rents for his apartments on an unfurnished basis were actually in force prior to the time the apartments were rented on a furnished basis. This necessarily follows from the fact that the apartments were constructed with a priority rating from the Federal Housing Administrator under which maximum rents for the apartments unfurnished were fixed. By the terms of Section 4(f) of the Rent Regulation for Housing [2] the rentals approved by that officer became the maximum rents under the regulation prior to the actual renting of the apartments. Section 4(f) provides:

"Section 4. Maximum rents * * * shall be:

"(f) For housing accommodations newly constructed with priority rating from the United States or any agency thereof for which the rent is approved by the United States or any agency thereof prior to the maximum rent date or, if the accommodations were not rented on that date, prior to the first renting of the accommodations after that date, the rent so approved, but in no event more than the rent on the maximum rent date, or, if the accommodations were not rented on that date, more than the first rent after that date: * * *"

It necessarily follows that when the apartments were rented furnished there was a change from the status of unfurnished, so far as the maximum rent which was chargeable is concerned, to that of fully furnished and that this change brought into play the provisions of Section 4(j) providing for an increase of the maximum rent (subject to later reduction by the Area Rent Director) to the amount first charged after the change. It will thus be seen that it was Section 4(j) which enabled the complainant himself to fix his maximum furnished rents in the first instance. It was the complainant's duty, however, to register his apartments within the time limited

---

[1] 8 F.R. 9020.　　　　　[2] 8 F.R. 7322.

by the subsection and, having failed to do so as to 31 of the apartments, he must suffer the retroactive reduction which the subsection requires to be imposed in such circumstances.

We need only add that the Administrator in an official interpretation issued on August 7, 1943 [3] construed Sections 4(f) and 4(j) of the regulation to apply to a situation exactly like that of the complainant here. This interpretation, which accords with our own view of the meaning of the regulation, was issued before the complainant rented the first of his apartments. He can, therefore, hardly contend that there was then any real doubt as to the meaning of the regulation as applied to his situation.[4]

A judgment will be entered dismissing the complaint.

---

[3] Interpretation 4(f)-III, Pike & Fischer OPA Service pp. 200:1315, 1316.

[4] See the discussion of the weight to be given to the Administrator's interpretation of his regulations which appears in our opinion in Consolidated Water Power & Paper Co. v. Bowles, 146 F.2d 492, decided today.

