BOWLES, Price Adm'r, v. LEWIS et al.
Civil Action No. 143.

District Court, D. South Dakota, W. D.
Jan. 10, 1945.

Louis N. Crill and C. A. Wilson, both of Sioux Falls, S. D., for plaintiff.

H. F. Fellows and W. A. McCullen, both of Rapid City, S. D., for defendants.

WYMAN, District Judge.

It appears by the record in the above entitled suit and the showing in briefs submitted in connection with plaintiff's application for a temporary injunction, that there is no dispute as to the material facts involved. The question for decision, therefore, is purely a question of law.

If the moneys received by the defendant, Tinsley, from the tenants occupying the several apartments in the building owned by the defendant, Lewis, and known as No. 603 Quincy Street, Rapid City, South Dakota, as rent for the furniture and other housing accommodations furnished to said tenants respectively by the defendant, Tinsley, in her individual right, come within the purview of the provisions of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 901 et seq., and the rent regulations promulgated thereunder, it seems to be conceded that the total

monthly rent collected from each of said tenants would exceed the maximum monthly rent permissible for each of the respective apartments under the regulations. The pertinent provisions of the Emergency Price Control Act, as amended, 50 U.S.C. A.Appendix, § 942, read as follows:

"(f) The term 'housing accommodations' means any building, structure, or part thereof, or land appurtenant thereto, or any other real or personal property rented or offered for rent for living or dwelling purposes (including houses, apartments, hotels, rooming or boarding house accommodations, and other properties used for living or dwelling purposes) together with all privileges, services, furnishings, furniture, and facilities connected with the use or occupancy of such property.

"(g) The term 'rent' means the consideration demanded or received in connection with the use or occupancy or the transfer of a lease of any housing accommodations."

It seems clear that under the provisions of the above quoted section, the furniture and other accommodations furnished by the defendant, Tinsley, personally, as an individual, constitute housing accommodations, and if they are connected with the use or occupancy of the premises involved in this proceeding, the renting of them is subject to the rent regulations.

It is argued that in view of the fact that the furniture and other accommodations rented by the defendant, Tinsley, as an individual, are owned by her personally and that her co-defendant, Lewis, who owns the apartment building, has no interest in or connection with them whatever, that while she acts as agent for the defendant, Lewis, in the management and renting of the several apartments in his building, she rents the furnishings and other facilities only at the request of the tenants, and that the rent for the furnishings and other facilities is paid to her individually, that Lewis receives no part of it and has no interest in it, and that separate receipts are given for it: that the tenant is free to obtain furnishings and other accommodations elsewhere if he so desires, and that the renting of such furnishings and other housing facilities by her is never required as a condition upon which an apartment is rented; that because of these facts the renting of these furnishings and accommodations are not connected with the use or occupancy of the apartments any more than furnishings or other accommodations rented to the tenant by an independent, second-hand dealer would be.

While the record clearly supports defendants' claims as to the facts above stated, I cannot agree with the defendants' conclusions. The affidavit of defendant, Lucille Tinsley, submitted in opposition to the plaintiff's application for temporary injunction, contains the following statement:

"During the period, January, 1942, to June, 1943, your affiant had acquired knowledge of the demands of the tenants with respect to rental units; that said demands required premises fully furnished as to furniture, linens, dishes, bedding and utilities. To meet such demands your affiant purchased, owned and supplied to tenants of the premises, No. 603 Quincy Street, as their demand required, furniture, linens, dishes and bedding."

It therefore conclusively appears by the defendant's own sworn statements that the furniture and facilities involved in this suit were procured and are kept by her for the sole purpose of renting them to those who rent unfurnished apartments in the building for which she is agent. Clearly, then, such facilities, furniture and furnishings are connected with the use and occupancy of the housing property and the renting of them is just as clearly subject to the rent regulations.

It follows that in my opinion the plaintiff's application for temporary injunction should be granted and upon presentation of findings and conclusions and order of injunction the same will be signed and entered of record.