DEAN et al. v. WOODS, Housing Expediter.
No. 468.

United States Emergency Court of Appeals.

Heard at San Antonio June 17, 1948.

Decided Sept. 13, 1948.

Rehearing Denied Oct. 14, 1948.

Jewell D. Lemons, of San Antonio, Tex. (Palmer & Lemons, of San Antonio, Tex., on the brief), for complainants.

Lloyd Weisberger, Atty., Office of Housing Expediter, of Washington, D. C. (Ed Dupree, Gen. Counsel, Robert A. Sauer, Asst. Gen. Counsel, Charles P. Liff, Chief, Appeals Section, and Henry K. Osterman, Atty., all of Office of Housing Expediter, all of Washington, D. C., on the brief), for respondent.

Before MARIS, Chief Judge, and MC-ALLISTER and LINDLEY, Judges.

MARIS, Chief Judge.

The complainants seek a judgment setting aside four orders of the Area Rent Director of the San Antonio Defense-Rental Area entered February 5, 1947, reducing retroactively to November 2, 1945, the maximum rents of the four apartments at 12 Riverside Drive, San Antonio. The building in which these apartments are located was built in 1945 following a fire which had completely destroyed an apartment building previously located on the same site. The four apartments were first rented on November 2, 1945, and under Secs. 4(e) and 5(c) (1) of the Rent Regulation for Housing the first rents became the maximum rents subject to reduction by the Area Rent Director to the level of rents generally prevailing on the maximum rent date [1] in the defense-rental area for comparable accommodations plus an allowance for increased cost of construction since that date. The Area Rent Director's orders here under review were entered under the authority of these sections. The orders were protested by the complainants

---

[1] The maximum rent date in the San Antonio Defense-Rental Area was March 1, 1942.

954

and, after consideration by a board of review which made findings and recommended denial of the protest, the respondent entered an order denying the protest. The complainants having failed to refund to their tenants the excess rents collected between November 2, 1945 and February 5, 1947, enforcement suits were brought and are presently pending against some of them. This court accordingly has jurisdiction of the complaint. 150 East 47th Street Corporation v. Porter, Em.App.1946, 156 F.2d 541.

■■ The complainants' principal contention is that the Area Rent Director initially and the Housing Expediter upon consideration of the protest arbitrarily and without adequate evidence reduced the complainants' rents below the level of comparability. The argument was forcefully presented by their able counsel. But, however much we might be inclined to sympathize with the point of view thus expressed were we free to act as fact-finders ourselves, we are bound under the law to accept the findings of the Housing Expediter in the protest proceeding if they are supported by substantial evidence. The findings of the Area Rent Director we need not consider since the validity of the orders under review now depends upon those made by the Housing Expediter after his de novo consideration of the evidence in the protest proceeding. Victor v. Porter, Em.App.1946, 157 F.2d 769, certiorari denied Victor v. Fleming, 329 U.S. 801, 67 S. Ct. 491, 91 L.Ed. 685.

■■ When we examine the entire evidence which was before the Housing Expediter and his board of review in the protest proceeding we are unable to say that it does not include substantial evidence which supports their findings. True the evidence is sharply conflicting. But the evidence of Chief Rent Examiner Lacey with respect to the apartments in question and the five apartments which he asserted to be comparable was sufficient, if credited as it was by the board of review and the Housing Expediter, to support their findings that the rents as reduced by the Area Rent Director's orders were proper under the regulation. The complainants vigorously attack Lacey's alleged comparable properties. They assert that they are too remote from the location in question to be comparable and that they are located in old buildings and are much less desirable, whereas the complainants' building is comparatively new and their apartments above the average. But a property need not be identical with the property under consideration in order to be comparable to it. It need only be sufficiently similar so that an expert, taking as a standard the rent prevailing for the one and making allowance for such differences as would be reflected in rental value, would be able to determine the appropriate corresponding rent for the other. Saker v. Woods, Em.App.1948, 169 F.2d 131. And this applies not only to differences in age, structure and equipment but also to differences in location. Sirianni v. Bowles, Em.App.1945, 148 F.2d 343. Moreover it is significant that the complainants, although offering the affidavits of five experienced real estate men of San Antonio, did not offer a single comparable property in support of their opinions as to rental value. We are compelled to hold that since the orders under review are supported by substantial evidence they may not be set aside. Rabkin v. Bowles, Em.App.1944, 143 F.2d 600.

■ The only other contention of the complainants which requires discussion is that those portions of the orders under attack are invalid which require refund to the tenants of the excess rents collected between November 2, 1945 and February 5, 1947, the date of the orders. The complainants assert that these provisions are penal in character and are ex post facto. There is nothing in this contention, however. The Rent Regulation for Housing specifically provides in Sec. 4(e) that for housing accommodations first rented after the effective date, proper registration statements must be filed within 30 days after first renting, and that if a landlord fails so to file, any rents received in excess of the maximum rent which may later be established by the Area Rent Director pursuant to Sec. 5(c) (1), are received subject to refund to the tenant. Here there was evidence to support the finding of the board of review adopted by the Housing Ex-

pediter that no registration statements were filed with respect to the apartments in question until September 9, 1946, although they had first been rented on November 2, 1945. Accordingly these provisions of the orders under review served merely to require restoration to the tenants of the overcharges to which they were entitled by law. See for a full discussion of this subject 150 East 47th Street Corporation v. Creedon, Em.App.1947, 162 F.2d 206, 207.

The remaining contentions of the complainants require no discussion since they are based upon propositions of law which have heretofore been authoritatively ruled against the position which the complainants here take. See Wilson v. Brown, Em. App.1943, 137 F.2d 348, and Woods v. Stone, 1948, 333 U.S. 472, 68 S.Ct. 624.

A judgment will be entered dismissing the complaint.