**UNITED STATES v. BROWN.**

Civ. A. No. 11473.

United States District Court
E. D. Pennsylvania.
Nov. 29, 1951.

Irving I. Solit and Harold Werthcimer, of Philadelphia, Pa., for the plaintiff.

Abraham Blieden, of Philadelphia, Pa., for the defendant.

DELEHANT, District Judge.

Upon the trial before the court without a jury of this action, brought on October 13, 1950 under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., to obtain injunctive and other equitable relief including an order for restitution of rental overcharges, and also a personal judgment for triple damages in respect of the portions of the overcharges paid and received within one year prior to the filing of the suit, a judgment was entered granting injunction against the violation of the Act, directing the payment to the Treasurer of the United States of $370 in the way of restitution for the benefit of one Alfred Gomez, the tenant involved, and awarding personal judgment in favor of the plaintiff, for $200 being twice the amount of the overcharges received within one year before the date of filing the suit.

The exaction and collection of an overcharge in rental in the gross sum of $370, of which $100 was received within the year preceeding suit, were clearly established.

However, upon the entry of the judgment, counsel for the defendant presented to the court a purported written release of any claim against the defendant in respect of rental overcharges executed by Gomez shortly after the institution of this action from which the court was led to infer that circumstances might exist in which the requirement of restitution for the benefit of Gomez would be inequitable, either as to all or as to part of the overcharges exacted.

Therefore, in the judgment itself, the court reserved the right to modify the judgment upon motion therefor made within five days from the judgment's date and on adequate supporting showing.

Motion for modification has now been made, along with a showing, which, informally, counsel for the plaintiff have agreed, may be considered and, in the circumstances, can not be resisted factually.

From the record made upon the trial and the statements of counsel, it appears that Gomez has not supported the plaintiff's prosecution of this action after its institution and that his whereabouts are not now known to either of the parties to this case.

From the showing in support of the motion for modification it clearly appears, and the court finds, that on December 5, 1950 Gomez executed an attempted comprehensive release of any claim or demand in respect of the defendant's exaction and collection of rental overcharges from him; that on leaving the defendant's premises Gomez was indebted to the defendant for sundry items in the sum of $81.10; that he also collected during two years of his tenancy of the premises the sum of $12 per month from a subtenant for the use of the garage thereon, or the total sum of $288 and from a subtenant of a portion of the living space the sum of $150 per month for at least six months, or the total sum of $900

Touching the release itself, the court is still persuaded that it is ineffective as a barrier to this court's power to order restitution. The same conditions which move a tenant to submit to an overcharge may prompt him to execute an attempted release of liability for its exaction.

But the history underlying the release is an entirely different matter. It demonstrates that in part Gomez was indebted to the defendant, and, for the rest, actually profited by the tolerated subleasing of portions of the leased premises, notwithstanding his payment to the defendant of excessive rentals for the whole property. In that situation, the court is persuaded that it would be inequitable to allow Gomez to derive still further advantage through an order for restitution for his benefit, the pursuit of which by the plaintiff he has ignored. It must be made plain that the court perceives no inequity in requiring the defendant to make restitution of what he received over the allowable maximum

rent for his property, but finds the injustice to lie in any provision that Gomez derive the advantage of any restitution whatsoever. Of course, being absolved from the burden of restitution in respect of any of the overcharges, the defendant should be subjected to triple damages in respect of the sum of $100 of such overcharges arising during the year before suit.

Accordingly, without any alteration of the factual findings underlying the judgment, but upon the basis of the supplemental showing now made, the motion for modification of judgment will be sustained and granted to this extent only:

(1) that the provision for restitution (contained in paragraph 2 of the order or judgment) be wholly eliminated; on condition and with the provision, however, that,

(2) the amount of the judgment in favor of the plaintiff against the defendant (reflected in paragraph 1 of the order or judgment) be altered and changed to $300, instead of $200.

Otherwise the order or judgment will remain unaltered.

Counsel for the plaintiff will promptly prepare and submit to counsel for the defendant for approval as to form an order or judgment reflecting the ruling now announced, and on such approval will submit it to the acting judge for signature or entry. If objection or exception be made to the order or judgment thus submitted, it shall be submitted along with the objection or exception, to the judge for settlement and entry. Such order shall be so prepared as to speak and be effective from the date of its filing, rather than from this date.