## UNITED STATES v. JACOVETTY.

### No. 6556.

United States Court of Appeals
Fourth Circuit.

Argued April 9, 1953.

Decided May 4, 1953.

Cecil H. Lichliter, Sp. Litigation Attorney, Office of Rent Stabilization, Washington, D. C. (Robert A. Sauer, Acting General Counsel, A. M. Edwards, Jr., Asst. General Counsel, and Nathan Siegel, Solicitor, Office of Rent Stabilization, Washington, D. C., on brief), for appellant.

No brief or appearance for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is an appeal from a final order of the United States District Court for the Northern District of West Virginia dismissing an action brought by the United States under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq.

Appellee, defendant below, is the landlord of the housing accommodations described in the complaint as the second floor apartment situated at 48½ Seventeenth Street, Wheeling, West Virginia. The complaint alleged that from March 12, 1949, to April 25, 1950, appellee demanded and received $12.50 per week as rent from William Rose, tenant of the accommodations; that on or about May 22, 1950, the Rent Director for the Defense-Rental Area involved, pursuant to Sections 5(c) (1) and 4 (e) of the Controlled Housing Rent Regulation, 13 F.R. 1861; 14 F.R. 5711, issued an order effective as of March 15, 1949, decreasing the maximum legal rent from $12.50 per week to $10.00 per week and directing refund by appellee within thirty days from the date thereof of rent overcharges collected since the effective date; and that appellee had failed or refused to refund to the tenant the sum of $147.50 collected in excess of the maximum rent prescribed by said order. The complaint prayed an injunction against

further violations of the Act or Rent Regulation, restitution on behalf of the persons entitled to all rent overcharges received in excess of the lawful maximum and judgment in favor of appellant for $442.50 or treble the sum of $147.50 by which the overcharges collected exceeded the maximum rent as established by the reduction order, provided that in the event restitution was awarded that judgment be reduced to twice the amount of $147.50 or $295.00.

The answer denied any violation of the Act and alleged that the order in question was ineffective as the same was retroactive and violated the constitutional rights of appellee; also, that the order was arbitrary and unreasonable and without authority under the applicable statutes and resulted in a device whereby the tenant attempted to perpetrate a fraud upon appellee.

The case was determined by the court below after a pretrial conference, at which there were before the court the pleadings, together with copies of the reduction order and a registration of the accommodations filed March 30, 1950, by appellee with the Area Rent Office, which stated the maximum rent as $12.50 per week. On the reverse side of the registration appeared an endorsement to the effect that such maximum rent was changed by order of the Rent Director dated May 22, 1950, to $10.00 per week, effective from March 15, 1949, pursuant to Sections 5(c) (1) and 4(e) of the Rent Regulation.

By memorandum opinion of October 21, 1952, the court below upon consideration of the pleadings, the reduction order, and the registration held "as a matter of law that the Area Rent Director had no authority, after the tenant had vacated the premises, to issue an order reducing the rent and make that order effective more than a year prior to its issuance;" that Congress never intended to give the Rent Director or anyone else "authority to retroactively invalidate an admittedly legal lease;" that the attempted action of the Rent Director was illegal; and that appellant was not entitled to recover anything from the appellee. From the final order entered on the same date, the Government has appealed.

This appeal presents the question of whether the District Court erred in holding that the Area Rent Director had no authority to issue a retroactive rent reduction order directing refund of rent overcharges from the date of first renting, where the landlord has failed to file a registration statement for more than one year after such renting, and the reduction order was duly issued within three months of the date registration was filed. We think that there was error, and that the judgment must be reversed.

The validity of retroactive refund orders of the type here involved, entered under both the Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., and the Housing and Rent Act of 1947, has been uniformly sustained. Womack v. Bowles, Em.App., 146 F.2d 497; Dean v. Woods, Em.App., 169 F.2d 952, Landes v. Barrett, 8 Cir., 199 F.2d 539. See also, Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624, 92 L.Ed. 815; Creedon v. Babcock, 4 Cir., 163 F.2d 480. It is evident that the present reduction order was made retroactive for more than a year solely because of appellee's failure to file timely registration. Appellee cannot be permitted to profit to the extent of her overcharges because of her failure to file within the time specified in the statute, nor should she be heard to complain of an order in which the period of retroactivity was occasioned by her default.

The case of Cobleigh v. Woods, 1 Cir., 172 F.2d 167, cited in the opinion of the court below, states nothing to the contrary. The question there presented involved the collection of rents which were increased during the period between the expiration of the Price Control Act of 1942, and the date when that Act was extended. As the decision clearly points out, Congress did not intend that the extended Act should be retroactive to render illegal the receipt of rents which had been lawfully collected during the interregnum period. 172 F.2d at page 169. The decision contains nothing to disturb the conclusion we have reached in the case at bar.

It appears, moreover, that the appellee has not sought to avail herself of the

administrative remedy provided by the Regulations. Rent Procedural Regulation 2, as amended, 14 F.R. 5271, 5898, establishes an orderly procedure for review of maximum rent orders issued by Area Rent Directors, by appeal to the Office of the Housing Expediter, and for a stay in the enforcement of such orders pending review. This regulation was in effect when the present rent reduction order was issued on May 22, 1950. It has been repeatedly held that the failure of a landlord to follow and exhaust such administrative procedure precludes his challenging the validity of an order, in an action brought in court for its enforcement. United States v. Carter, 10 Cir., 197 F.2d 903; Woods v. Kaye, 9 Cir., 175 F.2d 886; cf. Gates v. Woods, 4 Cir., 169 F.2d 440.

For the foregoing reasons, the judgment of the District Court must be reversed.

Reversed.