186 F.2d 312
 HENRY
v.
WOODS, Housing Expediter.
 No. 539.
 United States Emergency Court of Appeals.
 Submitted December 18, 1950.
 Decided January 17, 1951.
 
 Walter Hamilton, Chicago, Ill., for complainant.
 Ed. Dupree, General Counsel, and Charles P. Liff, Chief, Appeals Section, Office of Housing Expediter, Washington, D. C., for respondent.
 Before MARIS, Chief Judge, and MAGRUDER, McALLISTER, LINDLEY and LAWS, Judges.
 PER CURIAM.
 
 
 1
 The Housing Expediter has moved to dismiss a complaint filed by a landlord seeking a review by this court of an order of the Housing Expediter under the Housing and Rent Act of 1947, as amended, 50 U.S. C.A.Appendix, § 1881 et seq. The order denied an appeal from the action of the Area Rent Director refusing to make certain rent increases, which he had allowed on August 25, 1950, retroactive to July 6, 1949, the date on which the landlord's petitions therefor had been filed. The petitions had been filed under a rent regulation issued under the authority of the Housing and Rent Act and not under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., the latter act having terminated on July 1, 1947.
 
 
 2
 The complaint must be dismissed. It is perfectly clear and is settled by the prior decisions of this court that we have no jurisdiction to review a determination of a landlord's maximum rent as established by or under the Housing and Rent Act of 1947 or to pass upon its validity. Talbot v. Woods, Em.App.1947, 164 F.2d 493. Any implication to the contrary in Smith v. Duldner, 6 Cir.1949, 175 F.2d 629, 631, rests upon obiter dictum. Moreover there is no provision in the Housing and Rent Act of 1947, similar to that contained in Section 204(d) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 924(d) and Section 408(d) of the Defense Production Act of 1950, 50 U.S.C.A.Appendix, § 2108(d), which would deprive other courts of jurisdiction to consider the validity of regulations and orders issued under that act and to enjoin their enforcement. The question which the complainant here seeks to raise may, therefore, be raised by him in any court having jurisdiction of the subject matter and the parties.
 
 
 3
 A judgment will be entered dismissing the complaint.