## DAUKSEWICZ v. UNITED STATES.
### No. 4602.

United States Court of Appeals
First Circuit.

Argued Dec. 4, 1951.

Decided Dec. 19, 1951.

54

Henry C. Gill, Brockton, Mass., for appellant.

William A. Moran, Atty., Office of Rent Stabilization, Washington, D. C. (Ed Dupree, Gen. Counsel, Leon J. Libeu, Asst. Gen. Counsel, and Cecil H. Lichliter, Sp. Litigation Atty., Office of Rent Stabilization, Washington, D. C., with him on brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

MAGRUDER, Chief Judge.

In the judgment now under review the district court, pursuant to authority under § 206(b) of the Housing and Rent Act of 1947, as amended, 63 Stat. 27, 50 U.S.C.A. Appendix, § 1896(b), ordered a landlord to make restitution to a tenant in the sum of $344.25, the amount of rental overcharges during the period December 11, 1948, to June 30, 1950, and enjoined further violations of the Act and of the regulations thereunder. The only point on appeal which in our opinion warrants any comment is the claim that the district court erred in rejecting a certain offer of proof made by the defendant.

The case was heard by the court, without a jury, on the pleadings, plaintiff's request for admissions under Rule 36, Fed.Rules Civ.Proc. 28 U.S.C.A. and defendant's responses thereto, defendant's request for admissions and plaintiff's responses thereto, and a stipulation of facts, defendant's offer of proof of further facts having been rejected by the court.

█ It is conceded that the maximum rent for the apartment in question was originally established at $8.50 per week on the freeze date technique pursuant to the regulation of the Price Administrator issued under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. On October 9, 1946, the area rent director issued an order increasing the maximum rent to $9.25 per week. So far as appears, no attack was made upon the validity of this order, and it is stipulated that the maximum rent of $9.25 so established was carried over automatically and became the starting maximum rent under § 204(b) of the Housing and Rent Act of 1947, 61 Stat. 198, 50 U.S.C.A.Appendix, § 1894(b), when that Act superseded the Emergency Price Control Act of 1942 on June 30, 1947. It is also stipulated that this maximum rent remained unchanged throughout the period now in question, December 11, 1948, to June 30, 1950, and that the landlord during that whole period collected $13.50 per week rent, or a total overcharge of $344.25. Hence, prima facie plaintiff was entitled to an order of restitution. Porter v. Warner Holding Co., 1946, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332; United States v. Moore, 1951, 340 U.S. 616, 71 S.Ct. 524, 95 L.Ed. 582.

█ But defendant in her answer apparently sought to set out an affirmative defense that the established maximum rent of $9.25 per week was invalid. Though the order of October 9, 1946, fixing the rent at $9.25 was made while the Emergency Price Control Act was still in effect, there appears to be no outstanding question as to any alleged overcharges prior to June 30, 1947, when that Act terminated. Therefore, the Emergency Court of Appeals has no exclusive jurisdiction, indeed no jurisdiction at all, to consider the validity of this maximum rent as applied to a period since the enactment of the Housing and Rent Act of 1947. Talbot v. Woods, Em. App.1947, 164 F.2d 493. As pointed out in Henry v. Woods, Em.App.1951, 186 F.2d 312, there is no provision in the Housing and Rent Act of 1947, similar to that contained in § 204(d) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 924(d), and § 408(d) of the Defense Production Act of 1950, 64 Stat. 798, 50 U.S. C.A.Appendix, § 2108(d), which would deprive courts, other than the Emergency Court of Appeals, of jurisdiction to consider the validity and to enjoin the enforcement of regulations and orders issued under the said Housing and Rent Act. It follows, then, that in the present enforcement suit the district court had jurisdiction to consider and pass upon a defense of invalidity of the maximum rent in question. How far such a defense would be good is another matter.

Section 204(b) of the Housing and Rent Act of 1947, 61 Stat. 198 provided that no person shall demand or receive any rent for any controlled housing accommodations greater than the maximum rent established under authority of the Emergency Price Control Act of 1942 and in effect on June 30, 1947, provided, however, "That the Housing Expediter shall, by regulation or order, make such adjustments in such maximum rents as may be necessary to correct inequities or further to carry out the purposes and provisions of this title". The criteria for such further regulations or orders were elaborated somewhat by amendment of § 204(b) in 1949, 63 Stat. 21.

The Controlled Housing Rent Regulation, 12 F.R. 4331, was issued by the Housing Expediter under authority of the Housing and Rent Act. Following the prescription of § 204(b) of the Act, the Housing Expediter provided in § 4 of the regulation that the maximum rent of controlled housing accommodations shall be the maximum rent which was in effect on June 30, 1947, as established under the Emergency Price Control Act and regulations thereunder, and that such maximum rent shall continue unless and until changed by the Expediter as provided in § 5 of the regulation. Section 5 contains detailed provisions under which a landlord may apply for and obtain an order increasing the maximum rent, for instance, where he has made major capital improvements or made a substantial increase in the services or equipment, or where the landlord was suffering substantial hardship because of increase in property taxes or operating costs. See also the similar provisions in the Controlled Housing Rent Regulation as republished with the inclusion of all amendments up to August 8, 1949, 14 F.R. 5711. The procedural regulations of the Housing Expediter provide that if a landlord is aggrieved by a decision of the area rent director fixing a maximum rent, he may obtain review by the regional rent administrator and, if necessary, appeal ultimately to the Housing Expediter himself. 12 F.R. 5916, 13 F.R. 2369, 14 F.R. 1784.

 In other words, a landlord who may think that facts exist or that circumstances have arisen which would entitle him to an increase of his maximum rent under the statutory or regulatory standards cannot take upon himself to increase the rent to a figure he thinks proper, and then, in defense to a suit for restitution of overcharges, offer to prove in the enforcement court the existence of a set of facts under which he would have been entitled to an increase had he applied for it under the applicable administrative procedures. If the regulation encouraged or permitted this sort of thing, the inflationary tendencies would obviously be magnified. Also, it would have the undesirable effect of imposing upon the courts the initial burden of determining what is a proper maximum rent under the statutory and regulatory criteria without the benefit of a prior consideration of the matter by the expert administrative agency. The rent regulation does provide that, upon the filing of a petition by a landlord for a maximum rent adjustment, the Expediter may enter an interim order increasing the maximum rent, subject to refund by the landlord to the tenant of any amount received in excess of the maximum rent established by final order in such proceeding, 12 F.R. 4307, 14 F.R. 5718. Thus some administrative control is retained in the matter; and if the rent director receives a landlord's petition of prima facie merit he has discretion, through the device of an interim order, to avoid possible hardship to the landlord which might result from a delay in the administrative proceeding.

 These provisions of the regulation which forbid a landlord, however strong may be the equities of his case, to exact a rent in excess of the established maximum without applying for an administrative adjustment, are no doubt reasonable and valid. Such regulatory requirement is not, it is true, an instance of the discretionary rule in courts of equity that a petitioner will be denied equitable relief when he has failed to pursue an available administrative remedy by which he might obtain the same relief. For the landlord in the present case is not a petitioner seeking equitable relief, but rather is a defendant in an enforcement suit. The point is, however, that once a

maximum rent has been established which was initially valid, the rent regulation provides, and lawfully provides, that the landlord may not charge more than that maximum rent without having applied for an upward adjustment and presented to the Housing Expediter the special facts of his case upon which he bases his claim to a higher maximum. If he does make such an overcharge without petitioning for an adjustment he violates the regulation, and so the Act, and becomes irretrievably liable to make restitution, though the facts would have entitled him to a higher maximum rent had he applied for it.

To make out a defense to the enforcement suit, therefore, the landlord must not only prove the existence of facts under which he would have been entitled to an increase of maximum rent pursuant to the criteria laid down in the Act and regulation, but also that he had applied for the increase through the applicable administrative procedures, and that such relief had wrongfully been denied or withheld. United States v. Sharp, 9 Cir., 1951, 188 F.2d 311. Tested by this requirement, defendant's offer of proof in the case at bar was insufficient to make out a defense. The offer does not contain any allegation that the landlord made administrative application for an increase of the $9.25 maximum at any time before or during the period here involved, December 11, 1948, to June 30, 1950, and that such application had been denied. So far as the record discloses, the only application for administrative relief which appellant filed with respect to the apartment in question since the passage of the Housing and Rent Act of 1947 was a petition which resulted in an order of the area rent director issued September 8, 1950, increasing the maximum rent to $11.50 per week effective as of August 4, 1950, which presumably was the date on which the petition was filed. See the Controlled Housing Rent Regulation, as amended, § 825.5 (5), 14 F.R. 5715. This of course was subsequent to the period during which the overcharges in question were made.

The judgment of the District Court is affirmed.