### UNITED STATES v. FOSTER.
#### No. 52 C 906.

United States District Court
N. D. Illinois.
Oct. 14, 1953.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for the United States.

Maurice Weissman, Chicago, Ill., for defendant.

HOFFMAN, District Judge.

The plaintiff has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A.

The complaint alleges that the defendant was the owner of certain premises located in Chicago, Illinois, between March 17, 1950 and May 19, 1951. The complaint further alleges that the maximum legal rent for these premises during this period was $35 a month, but that the defendant received $60 a month, or a total overcharge of $350. Restitution of this overcharge is demanded.

In the defendant's answer he admits receiving the sum of $350 in excess of the maximum legal rent, but sets out that his tenant of the premises, at the time that the maximum legal rent was $35 a month, had subleased the premises and was receiving a total of $34 a week from his subtenants. Defendant further al-

leges that he filed a petition with the Office of the Housing Expediter some time in January, 1952, setting out the subleasing and asking for an adjustment in the rent. This petition was never processed by the Area Rent Office and apparently no action was taken pursuant to it.

After the filing of the complaint and answer plaintiff filed a request for admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure; in his answer to this request defendant again admitted that he had received a total of $350 in excess of the legal maximum rent during the period involved and again set out the allegations with respect to the subtenants and the filing of a petition in the Office of the Housing Expediter. The plaintiff then filed a motion for summary judgment together with a brief in support. To the brief is appended the affidavit of Norman B. Shogren, Area Rent Director, from which it appears that the premises were first rented on March 17, 1950, at a rental of $60 a month, and that the determination of a maximum rental of $35 a month was subsequently made on August 17, 1951, retroactive to March 17, 1950. Defendant has filed an affidavit in opposition to the plaintiff's motion for summary judgment, again setting out, as a defense, that the tenant was receiving substantially more than the maximum legal rent from his subtenants during the period involved.

It does not appear that the tenant appealed or otherwise protested the order of the Area Rent Director of August 17, 1951, fixing the maximum rent at $35 per month. The only action taken by the defendant was the filing of a petition in the Office of the Housing Expediter in January of 1952, setting out his allegations that the tenant had subleased the premises and asking for an adjustment on that account. Defendant explains that he did not learn until January of 1952 that his tenant had so subleased the premises.

The defendant has admitted that the maximum legal rent for the premises involved for the period from March 17, 1950 to May 19, 1951 was $35 per month, and that he collected $60 a month from his tenant during this period. The allegation that the tenant had sublet the premises cannot be raised as a defense here. If the defendant was entitled to relief on this account, he must obtain it from the Area Rent Director, or by way of administrative remedies afforded in the Defense Production Act of 1950, 50 U.S.C.A.Appendix, § 2061 et seq., or the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq. Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Dauksewicz v. United States, 1 Cir., 194 F.2d 52, 55. In the Dauksewicz case the court said:

"(3, 4) In other words, a landlord who may think that facts exist or that circumstances have arisen which would entitle him to an increase of his maximum rent under the statutory or regulatory standards cannot take it upon himself to increase the rent to a figure he thinks proper, and then, in defense to a suit for restitution of overcharges, offer to prove in the enforcement court the existence of a set of facts under which he would have been entitled to an increase had he applied for it under the applicable administrative procedures. If the regulation encouraged or permitted this sort of thing, the inflationary tendencies would obviously be magnified."

The statutes above cited provide adequate procedures of appeal from either the order of the Area Rent Director of August 17, 1951, or the failure of the Area Rent Director to act on defendant's petition of January, 1952.

The motion of the plaintiff for summary judgment is allowed.