Arthur D. WHITE et al., Plaintiffs-Appellees,

v.

HAR–LEE APARTMENTS, Inc., Defendant-Appellant.

No. 11286.

United States Court of Appeals Seventh Circuit.

Aug. 5, 1955.

852

Edward J. Fruchtman, Chicago, Ill., (Leonard Gordon, Julius J. Schwartz, and Cotton, Fruchtman & Watt, Chicago, Ill., of counsel), for appellant.

Herbert R. Goldstein, Chicago, Ill., for appellees.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Because of alleged rent overcharges seven tenants instituted an enforcement suit, August 12, 1952, against defendant under §§ 204, 206(a), involving §§ 205–205(a), of the Housing and Rent Act of 1947, as amended.[1] After filing his memorandum the trial judge entered judgment for plaintiffs, totaling $1,908.-66, and allowed $2,000 as attorney fees. From that judgment of June 30, 1954, an order denying a new trial and disallow-ance of its motion to alter or amend the judgment, defendant has appealed.

A statement of this controversy, adequate for our opinion, appears in the trial judge's memorandum filed pursuant to Rule 52(a), Federal Rules Civil Procedure, 28 U.S.C.A., Life Savers Corp. v. Curtiss Candy Co., 7 Cir., 1950, 182 F.2d 4, 6–7:

"All the apartments here involved were registered under the original Housing Act in 1942. Each registration specified rentals for weekly and monthly rentals and for occupancy by one to three persons. The tenancies of these plaintiffs existed at various times in 1950, 1951 and 1952. It is not disputed that the rents paid by them were in excess of the amounts registered.

"The defense is that after June 30, 1947, these apartments were first rented either on a daily basis or for occupancy by more than three persons, and that for this new renting, not covered by the prior registration, it was not necessary to file a new registration statement. There was a question at the trial as to whether some of the apartments were in fact rented on a daily basis. Without making a finding of fact on this point, I shall assume that they were so rented. * * *."

"Defendant argues that this section automatically allows a landlord to set a new rental when he is renting to a different number of persons or for a different term than that

[1]. 61 Stat. 193, 63 Stat. 18, 50 U.S.C.A.Appendix, §§ 1881 et seq., 1895, 1895(a).

provided in the original registration without filing a new registration statement. Such an interpretation would be unreasonable. It cannot have been intended that after filing a registration the landlord had but to change the term or the number of occupants, subject only to setting the same rent as for 'similar' rooms. Even if this were the correct interpretation, it is difficult to see how this defendant could qualify, since it had no established rentals for a daily basis or for more than three persons, and therefor no legal 'similar' accommodations. The interpretation suggested would under these circumstances free the landlord completely from the law, and could therefore be rejected for this reason alone. * * *."

"Defendant argues that this was a 'first rental' under Section 84 of the Regulations quoted above, and that since that section does not specifically require the filing of a registration, none was necessary. * * *."

Applying Thomas v. United States, 1 Cir., 1952, 200 F.2d 686 which, in turn involves Dauksewicz v. United States, 1 Cir., 1951, 194 F.2d 52, to the matter before him, the district judge correctly struck down defendant's contentions.

Defendant points to some language congenial to its position, found in Woods v. Stone, 1948, 333 U.S. 472, 68 S.Ct. 624, 627, 92 L.Ed. 815, but that case carries this limitation: "We hold that the one-year statute of limitations began to run on the date that a duty to refund was breached, and on *this point only* we reverse the judgment of the court below."

Unpersuaded by defendant's arguments or authorities and having found the district judge's findings to be supported by the record we will not disturb them. Woods v. Oak Park Chateau Corp., 7 Cir., 1950, 179 F.2d 611.

The short answer to defendant's attack on the awarded attorney's fees lies in defendant's own argument:

"While *conceding* that it is *not* essential that the court hear evidence as to the value of services in a case such as this * * *." (Def. br. 28–29).

The judgment appealed is affirmed.

Affirmed.