**BOZARJIAN v. WOODS (two cases).**

Nos. 4419, 4420.

United States Court of Appeals
First Circuit.

June 30, 1949.

Alex Bozarjian, pro se.

William A. Moran, Special Litigation Attorney, Washington, D. C. (Ed Dupree, General Counsel, and Hugh V. Prucha, Assistant General Counsel, both of Washington, D. C., on the brief), for appellee.

Before MAGRUDER, Chief Judge, WOODBURY, Circuit Judge, and CONNOR (by special assignment), District Judge.

MAGRUDER, Chief Judge.

These are appeals from two judgments in favor of the Housing Expediter based upon alleged overcharges of rent in violation of the Rent Regulation for Housing (10 F.R. 13528) issued under authority of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq. In each case the district court, after finding that the violations were willful, gave judgment in favor of the Housing Expediter for twice the amount of the overcharges, and directed the landlord to refund to the tenant the amount of such overcharges. See Cobleigh v. Woods, 1 Cir., 1949, 172 F.2d 167, certiorari denied June 6, 1949, 69 S.Ct. 1168.

In the district court, the landlord was represented by counsel. On appeal, however, he appeared pro se. Appellant's brief does not present any clear-cut issue of law. From appellant's oral argument, which to some extent included assertions of fact not contained in the printed record, we gather his position to be that the cases against him were framed up and that the adversary witnesses testified falsely. We have scrutinized the record and exhibits with care, and conclude that the judgments must be affirmed. The hearing below developed square conflicts of testimony. The district court believed the plaintiff's witnesses and disbelieved appellant, and we cannot say that its findings of fact were "clearly erroneous".

484

The first case involved a housing accommodation at 50 Smith Street, Lynn, Massachusetts. 50 Smith Street is a two-family house, with a dwelling unit on the first floor and a dwelling unit on the second floor. The house also contains an attic or third floor. On October 2, 1945, appellant filed with the Area Rent Director for Essex County a registration statement for a furnished 3-room housing accommodation described as located on the "2nd floor" of 50 Smith Street. A copy of this registration statement was introduced as an exhibit by the plaintiff. It was duly authenticated by the Area Rent Director, who appeared as a witness. From this registration statement it appears that the housing accommodation in question had been substantially changed after the maximum rent date (March 1, 1942), and that the date on which it had been first rented after such change was September 8, 1945, at a rental of $10 per week to Mr. and Mrs. Fay Rose Stanley. Under the rent regulation, such "first rent" became automatically the maximum lawful rent for the housing unit until changed by subsequent administrative action of the Price Administrator or his delegate, the Area Rent Director.

The Area Rent Director issued an order on November 14, 1945, under § 5(c) (1) of the regulation reducing the maximum rent from $10 to $4 per week upon a finding that the "first rent" which the landlord had fixed was higher than the rent generally prevailing in the defense-rental area for comparable housing accommodations on the maximum rent date. Subsequently, on February 6, 1946, the Area Rent Director issued an order under § 5(c) (3) further reducing the rent for this housing unit from $4 to $1 per week "for failure to provide service of cold water and failure to restore basement door." Copies of these two orders, duly authenticated, were introduced as exhibits. The court below was required to assume the validity of these orders, for under the terms of the Price Control Act the Emergency Court of Appeals was vested with exclusive jurisdiction to determine the validity of any such regulation or order issued under § 2 of the Act.

The Area Rent Director testified that copies of these reduction orders were sent to the landlord in the usual course of the mail. Appellant in his testimony did not deny receipt of the orders. It does not appear that the landlord ever petitioned the Area Rent Director for a restoration of the higher maximum rent on the ground that the stipulated services had been resumed.

Lester L. Schertell testified that he became a tenant of the second floor apartment, 50 Smith Street, on May 8, 1946, and remained there until April 3, 1947. He said the housing unit contained three rooms and a bath and that the landlord charged a rental throughout that period of $6 per week. There was sufficient evidence to warrant the finding of the district court that Schertell paid appellant $6 per week during the whole of this period. In view of the Area Rent Director's order of February 6, 1946, reducing the maximum rent to $1 per week, the overcharge thus was $5 per week.

Apparently appellant attempted to show at the trial that the registration statement and the two reduction orders above mentioned applied to a different housing unit from the one which Schertell occupied as tenant. He introduced as an exhibit the landlord's copy of an earlier registration statement filed June 8, 1945, covering an unfurnished housing unit described as "2d and part 3d floor" at 50 Smith Street. The name of the tenant was given as Jim Vinsent. The registration statement reported that the housing unit had been substantially changed after the maximum rent date and that it had been first rented after such change on June 2, 1945, at a rental of $6 per week. Stamped across the face of this registration statement appears the following: "The maximum legal rent has been determined to be $6.00 per week, not including central heating equipment or hot water equipment, pursuant to an order of the Area Rent Director, issued the 14th day of Sept., 1945. (signed) William H. McCarty Area Rent Director". Appellant also introduced as an exhibit a purported copy of OPA Form D-25 Report of Change in Tenancy, in which Schertell was reported

as having succeeded Vinsent as tenant at "50 Smith St., Lynn" on May 25, 1946. This Report gave no further description of the housing unit referred to, and made no mention of the third floor. The maximum rent for the housing accommodation was stated to be $6 per week, and it was reported that $6 per week was the rent being charged the new tenant. The copy of the Report purports to bear the signature of both the landlord and the new tenant. Appellant testified that the premises which he rented to Schertell consisted of the second floor and part of the third floor or attic; that Schertell made use of the third floor; in fact put a boarder in there. In this respect Schertell's testimony flatly contradicted that of appellant. The tenant testified that he never occupied the third floor, never stored any furniture there, was told by the landlord at the time of the renting that the premises consisted of "the second floor, three rooms and a bath", and that the tenant was not allowed to go up to the third floor.

Introduction of this earlier registration statement covering "2d and part 3d floor" caused some confusion at the trial. But the district court found as a fact that the tenant was telling the truth when he testified that the premises leased to him included no portion of the third floor, and consisted solely of the 3-room unit on the second floor. In view of this finding, the court correctly concluded that the earlier registration statement covering a housing unit on the second floor and part of the third floor was inapplicable to Schertell's tenancy, and that the rent reduction order of February 6, 1946, fixing the maximum rent at $1 per week for the 3-room housing unit on the second floor was applicable to the premises occupied by Schertell. The district court also found that the landlord, with the knowledge that the maximum rent for the housing unit in question had been reduced to $1 per week, "filed a Change in Tenancy with the Area Rent Office inserting the name of Lester L. Schertell with the intent of confusing the status of the tenant, Schertell, in comparison with an earlier registration filed for the second floor and part of the third floor, at 50 Smith Street, Lynn, Massachusetts." Since on the record we cannot say that these findings of fact were clearly erroneous, we must affirm the judgment in the first case.

The second case relates to a 5-room housing unit at 29 Moulton Street, Lynn, Massachusetts. Under the regulation, the rent which the landlord was charging on the maximum rent date, March 1, 1942, namely, $5.50 per week, became the maximum legal rent for this housing unit, and it so remained without change throughout the period now in question. In October, or November, 1946, William E. Nichols became the tenant of this dwelling unit, at an agreed rental of $5.50 per week. Nichols testified that, as a condition of obtaining the lease, appellant insisted that he must pay a cash bonus of $130, as the premises were well worth $8 and the OPA would only allow a charge of $5.50, explaining that such payment of $130 was the equivalent of the $2.50 per week differential for one whole year. Nichols' version of this conversation was corroborated by the testimony of another witness. Nichols further testified that two or three days later he withdrew $180 from his bank and in the presence of his wife handed $130 to appellant, giving his wife the balance of $50. Mrs. Nichols testified that she saw her husband hand appellant the money. Appellant in his testimony flatly denied demanding or receiving such bonus, but the district court believed the opposing story, and here again we cannot say that the finding of fact, involving a pure question of credibility, was clearly erroneous. Accepting the district court's finding that a bonus of $130 was exacted, it necessarily follows that there was an overcharge of $130.

The judgments of the District Court are affirmed.