**MATTOX et al. v. UNITED STATES.**

No. 12558.

United States Court of Appeals
Ninth Circuit.

Feb. 15, 1951.

---

Reed M. Clarke, San Francisco, Cal., for appellant Mattox.

Ed Dupree, Gen. Counsel, Leon J. Libeu, Asst. Gen. Counsel, Francis X. Riley, Sp. Litigation Atty., Office of Housing Expediter, Washington, D. C., for appellant United States.

Before STEPHENS, HEALY, and BONE, Circuit Judges.

HEALY, Circuit Judge.

This is a suit by the United States for an injunction and restitution and for treble damages under § 205 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1895. It was filed May 9, 1949, and with the court's permission an amended complaint was filed September 6 thereafter. Upon trial the court found that the defendants had demanded and received from tenants amounts in the total sum of $6,761.80 in excess of the legal maximum rents. It granted an injunction and decreed restitution to tenants of the excess rentals collected, but did not award judgment for damages, single or treble, as prayed by the United States.

Both parties appealed. The defendants failed to present a brief in support of their appeal as required by our rules, and did not participate in the oral argument, but they have since filed a belated brief setting out their contentions. We have examined it and are of opinion that none of the several points argued has merit sufficient to justify discussion.

The cross-appeal of the United States challenges the court's failure to award damages, single or treble, for the whole or any part of the period falling within the one year statute of limitations. The government contends (1) that allowance of damages is mandatory under § 205 as amended April 1, 1949, and that recovery should have been allowed at least as to overcharges which occurred subsequent to that date; (2) that the 1949 amendment retroactively permits the United States to recover damages in the amount (or treble the amount) of the overcharges occurring prior to the effective date of the amendment and within the one year limitation period where, as here, the tenant fails to institute action; and (3) that the court was in error in finding that the violations committed by the defendants were neither willful nor the result of failure on their part to take practicable precautions.

A glance at the statutory history will be helpful. During the period beginning July 1, 1947, the effective date of the Housing and Rent Act of 1947, through March 31, 1949, it was exclusively the right of the tenant to sue under § 205 for damages for rent overcharges. The Expediter was limited to actions for injunction and restitution as his sole means of enforcing compliance. The amendment of April 1, 1949, restored the right of the United States to sue for damages. The relevant portions of

§ 205, as it has since existed, are shown on the margin.[1]

From the early years of rent control this court, and the courts generally, have held that the district court upon a finding of violation must grant a judgment in damages in an amount at least equal to the amount of the overcharges. In Fontes v. Porter, 9 Cir., 156 F.2d 956, 958, we said: "Lack of willfullness, coupled with the taking of practicable precautions against the occurrence of a violation, operates only to reduce damages to the amount of the overcharge." Consult also Woods v. Haydell, 5 Cir., 178 F.2d 914, 915. This mandatory principle is in nowise affected by a grant of restitution to the tenant. Restitution is an equitable remedy resorted to under § 206(b), independently of the award of damages. Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332; Woods v. Richman, 9 Cir., 174 F.2d 614, 616.[2] Accordingly we are of opinion that the trial court erred in denying damages at least in the amount of the overcharges.

Two of the circuits have now held that the 1949 amendment, restoring to the United States the right to damages, is retroactive. United States v. Gianoulis, 3 Cir., 183 F.2d 378, 380; Miller v. United States, 5 Cir., 186 F.2d 937. In the first of these cases the court observed that prior to the 1949 amendment the tenant had a right of action to recover damages in treble the amount of the overcharges, and that after the amendment the landlord was liable to the tenant or to the United States, but not to both. "The amendment," said the court, "created no new cause of action albeit it provided the machinery whereby, a new plaintiff, the United States, could assert the same cause of action and collect the same damages from the landlord when the tenant, within the time specified, had failed to take steps to enforce the landlord's liability." The amendment was thought to improve the legal techniques for enforcing an existing statutory remedy, this enlargement of the means of enforcement having been found necessary because the tenant, through fear of reprisal, had generally failed to bring suits to recover excess rentals. The Fifth Circuit in the case cited thought this reasoning valid and adopted it. Believing that these decisions are sound we are content to go along with them. We hold, therefore, that the amendment should have been applied retrospectively in this case.

The government contends that there is no evidentiary support for the finding that the violations committed were not willful

1. "Sec. 205. Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts, or receives such payment (or shall be liable to the United States as hereinafter provided), for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: *Provided*, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. Suit to recover such amount may be brought * * * within one year after the date of such violation: *Provided*, That if the person from whom such payment is demanded, accepted, or received either fails to institute an action under this section within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the United States may institute such action within such one-year period. * * * "

2. Where restitution is decreed and statutory damages awarded, the treble damage award appears sometimes to have been reduced by the amount of the restitution required, and this seems to have been done at the instance of the rent control authorities. See United States. v. Gianoulis, 3 Cir., 183 F.2d 378; Miller v. United States, 5 Cir., 186 F.2d 937. While this practice may be thought to have statutory justification, we can see no possible basis in the law for deducting the restitution award where the damages found allowable are the amount of the overcharges, only.

nor the result of the failure to take practicable precautions. The evidence bearing on the point is certainly not strong, but we are unable to say that the finding is clearly erroneous. This being true the liquidated damages recoverable are the amount of the overcharges.

The judgment insofar as it grants restitution and injunctive relief is affirmed. Otherwise it is set aside and the cause is remanded for further proceedings not inconsistent with this opinion.