## UNITED STATES v. SHARP.

### No. 12634.

United States Court of Appeals
Ninth Circuit.
April 2, 1951.

---

312

Ed Dupree, Gen. Counsel, Office of Housing Expediter, Leon J. Libeu, Asst. Gen. Counsel, Francis X. Riley, Sp. Lit. Atty., all of Washington, D. C., for appellant.

Dorothy Sharp, in pro. per.

Before HEALY, Circuit Judge, and FEE and BYRNE, District Judges.

PER CURIAM.

The United States appeals from a judgment denying it any relief in a suit for damages, injunction and restitution for alleged rent overcharges made under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq. The record shows that certain accommodations of appellee located on Daisy Avenue in Long Beach were originally registered by her under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. and let as "four individual furnished rooms" at an aggregate ceiling rental of $90 per month. In June of 1948 the premises were for the first time leased by appellee to one person as a complete apartment unit, and were so registered, at the Area Rent Director's insistence, in January 1949 under the 1947 Act, as required by the applicable Rent Regulations. The Director issued an order on March 23, 1949, fixing the rent at $37.50 per month, effective from the date of the lease, and ordering a refund of the excess which had been collected. No administrative review was sought or appeal taken from the March order, as permitted by the Regulations. Meanwhile appellee continued, as before, to collect a rental of $75.00 per month.

For other accommodations on Melrose Way rented by the appellee sums in excess of the established maximum rent were collected for cleaning and for furnishing an extra bed.

The rentals set forth in the schedule appended to the complaint were found by the court below to have been collected but the prayer for relief was denied on the grounds that the March 23d order was invalid and that the charges for cleaning and the additional bed in the Melrose Way accommodations were not rents but were in the nature of a quid pro quo for those services.

The Rent Regulations, 12 F.R. 4331, make separate provision for those structures used as rooming houses and those rented as apartments or Controlled Housing. Acting pursuant to the Regulations, the Rent Director, as above indicated, required that the Daisy Avenue premises be registered as a unit, and established for the first time a maximum rental for the use

and occupancy of the accommodations as an entire unit. The validity of the Director's order which was issued in accordance with established regulations is properly tested by administrative appeal under the provisions of the Act, and until the administrative remedy has been exhausted the party aggrieved is entitled to no judicial relief. Babcock v. Koepke, 9 Cir., 175 F.2d 923; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638.

■ To be entitled to an upward adjustment of the maximum rents for an increase in service at the Melrose Way premises appellee was required by the Regulations first to apply for and obtain permission to collect the extra charges. Until an adjustment is made as the administrative procedure provides, cash payments in excess of the established rental were unlawful. Woods v. Polis, 3 Cir., 180 F.2d 4; Woods v. Dodge, 1 Cir., 170 F.2d 761.

■ Where maximum rentals have been established, as here, and the collection of sums in excess of that figure has been proven, as was the situation in this case, the United States is entitled to judgment for at least the amount of the overcharges. Mattox v. United States, 9 Cir., 187 F.2d 406. Consideration should be given also to the discretionary power of the court to grant equitable relief.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.