UNITED STATES v. ZIOMEK and 10 other cases.

Nos. 14365–14368, 14390, 14421–14426.

United States Court of Appeals
Eighth Circuit.

Oct. 17, 1951.

Nathan Siegel, Special Litigation Atty., Office of the Housing Expediter, Washington, D. C. (Ed Dupree, General Counsel, and Leon J. Libeu, Asst. General Counsel, Office of the Housing Expediter, Washington, D. C., on the brief), for appellant.

James R. Anderson, St. Louis, Mo., for appellees, Jack and Loretta Moon, in case No. 14,424.

No appearances were entered or briefs filed on behalf of the appellees in the other cases.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

These are actions brought by the Housing Expediter in the name of the United States under §§ 205, 206(b) and 206(c) of the Housing and Rent Act of 1947, as amended, Public Law 574, 81st Congress, 2d Session, 50 U.S.C.A. Appendix §§ 1881–1902, against landlords charged with demanding and receiving rent for the use and occupancy of housing accommodations within the Defense-Rental Area of Kansas City, Missouri, in excess of the maximum legal rent on the housing accommodations in question.

Since the cases involve the same questions they have been consolidated for submission and decision in this court. A typical record has been filed in No. 14,367, United States v. Eberhart. It discloses that the plaintiff prayed

"1. That Plaintiff have judgment against the Defendant for three times all overcharges made, demanded, collected, accepted, or received within one year preceding the filing of this suit.

"2. That the Defendant be ordered and directed to pay to the Treasurer of the United States for and on behalf of all persons entitled thereto, all rents collected or received in excess of the maximum legal rents, or in the alternative, that such be paid to the Treasurer of the United States. That in the event the Court grants restitution to the United States for and on behalf of persons entitled thereto, the claim of the United States for treble damages may be

reduced by the amount of restitution granted for violations occurring within one year immediately preceding the filing of this suit.

"3. That the Court issue without notice a temporary restraining order, and after due notice to the Defendant, a preliminary injunction, and upon final trial of this cause, a final injunction, restraining the Defendant, Defendant's agents, servants, employees, and all persons acting in concert or participation with any of them, from directly or indirectly soliciting, demanding, accepting or receiving any rent on all controlled housing accommodations, owned, operated, or managed by Defendant in excess of the maximum legal rent, or from otherwise violating the Housing and Rent Act of 1947, as heretofore or hereafter amended or superseded, and the Regulations issued pursuant thereto.

"4. For costs of this action and such other relief as the Plaintiff may be entitled."

The plaintiff made request for admission of facts to which the defendant made no response. Thereupon the plaintiff moved for summary judgment. The motion was sustained. The court accepted the allegations of the complaint as admitted and the facts called for as true, and a decree was entered granting only an injunction and restitution. The government appeals from the failure of the judgment to award damages.

The court filed an opinion holding that under the Housing and Rent Act of 1947 the court cannot enter judgment for damages and at the same time award restitution and decree an injunction. This conclusion is based upon the court's understanding of the opinion of the Supreme Court in Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, and certain decisions of the Courts of Appeal.

■ We have reached the opposite conclusion, basing our conviction upon the statutes involved, the Rules of Civil Procedure, the cases cited below, and the Porter case as clarified and interpreted in the decision of the Supreme Court in United States v. Moore, 340 U.S. 616, 71 S.Ct. 524, 95 L.Ed. 582, which case was decided by the Supreme Court since the opinion of the trial court in these cases was written.

The government contends (1) that the courts below erred in refusing to apply the established rule that both damages and restitution may be awarded in an action brought pursuant to §§ 205 and 206(b) of the Housing and Rent Act of 1947, as amended, for rental overcharges; (2) that if the defendant fails to sustain his special defenses under § 205 of the 1947 Act by showing both that his action was free from willfulness and that he exercised practicable precautions to avert the violation, then the government should be entitled to a judgment for treble the amount of overcharges for the period of violation not barred by the one-year statute of limitations of § 205, and also a judgment for restitution for the entire period of violation except for the period that treble damages have been awarded; and (3) that if the defendant sustains his special defenses under § 205 of the Act, then the government should be awarded a judgment for single the amount of the overcharges for the period of violation not barred by the one-year statute of limitations of § 205, and in addition should be awarded a judgment for restitution for all overcharges except those for the period of violation for which single statutory damages have been awarded.

■■ In an action such as this is, when the government asks for statutory damages, an injunction and restitution, whether the court shall award restitution of overcharges in whole or in part is a matter resting in the sound discretion of the court. Notwithstanding injunction and restitution are equitable remedies, whereas damages are ordinarily recoverable in actions at law, they may be joined in the same action either as independent or as alternate claims. Rule 18, Federal Rules of Civil Procedure, 28 U.S.C.A. Restitution may be granted in such an action as "another order" under § 206(b) of the Act; Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 1089, 90 L.Ed. 1332, where it is said restitution of illegal rental "(1) * * * may be considered as an equitable adjunct to an injunction de-

cree" or "(2) It may be considered as an order appropriate or necessary to enforce compliance with the Act."

Where, however, in such an action both restitution and statutory damages are prayed the court has no discretion in respect of the award of damages. "Restitution, which lies within that equitable jurisdiction, is consistent with and differs greatly from the damages and penalties which may be awarded" under the Act. Porter v. Warner Holding Co., supra, 328 U.S. at page 402, 66 S.Ct. at page 1091. Section 205 of the 1947 Act provides that "Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 *shall be liable* (emphasis supplied) to the person from whom he demands, accepts, or receives such payment * * * for * * * liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: Provided, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation." It is further provided that in case the person from whom such excess payments were demanded, accepted or received "either fails to institute an action under this section [205] within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the United States may institute such action within such one-year period."

The views expressed above are supported by many decisions, although the authorities are not all consistent. See United States v. Moore, 340 U.S. 616, 71 S.Ct. 524, 95 L. Ed. 582; Ebeling v. Woods, 8 Cir., 175 F.2d 242; Fleming v. Goodwin, 8 Cir., 165 F.2d 334, certiorari denied, Goodwin v. U. S., 334 U.S. 828, 68 S.Ct. 1338, 92 L.Ed. 1755; Woodbury v. Porter, 8 Cir., 158 F.2d 194; Mattox v. United States, 9 Cir., 187 F.2d 406; Woods v. Pielet, 7 Cir., 187 F.2d 453; Meyercheck v. Givens, 7 Cir., 186 F.2d 85; Miller v. United States, 5 Cir., 186 F.2d 937; Woods v. Witzke, 6 Cir., 174 F.2d 855; Cobleigh v. Woods, 1 Cir., 172 F.2d 167, certiorari denied, 337 U.S. 924, 69 S.Ct. 1168, 93 L.Ed. 1732; United States v. Hopson, D.C.W.D.Ky., 99 F.Supp. 480.

We have shown above that whether the court awards restitution in whole or in part is a matter resting wholly in the equitable discretion of the court and that an award of damages in an action by the government is not discretionary but is required by the terms of the statute. Restitution is not required but may be awarded in whole or in part according to the equities of the case; whereas damages constitute a penalty for violation of a federal statute. The court, therefore, in awarding restitution would, no doubt, in determining the amount thereof in a particular case take into consideration as one of the circumstances the amount of damages claimed and awarded the government. The award of treble damages in a willful case will not deprive the court of its discretion to grant restitution unless the amount awarded would under all the circumstances constitute an abuse of discretion. In a non-willful case it is also within the sound judicial discretion of the court either to grant or to deny restitution.

All that the government is entitled to as a matter of right in any case is an award of such damages as are provided for in the statute. It is not entitled as a matter of right to restitution, although it might make a case in which denial of restitution would amount to an abuse of discretion.

We find no basis in the law for saying, as does the government, that restitution may not be awarded for the period of violation for which treble or single damages have been awarded. That is a matter for the district court in the exercise of its equitable discretion to decide. Ordinarily when the government demands the full amount of damages allowed by the statute it might well be an abuse of discretion to order restitution in addition thereto, but it is conceivable that there might be a case in which that would be justified. In all cases the matter of awarding or denying restitution

in whole or in part is left under the law to the sound discretion of the District Courts.

For the foregoing reasons the judgments appealed from are reversed, and the cases are remanded to the district courts from which the particular appeals were taken for further proceedings not inconsistent with this opinion.