## UNITED STATES v. CARTER.

### No. 4414.

United States Court of Appeals,
Tenth Circuit.

June 5, 1952.

904

William A. Moran, Sp. Lit. Atty., Office of Rent Stabilization, Washington, D. C. (Ed Dupree, Gen. Counsel, Office of Rent Stabilization, and A. M. Edwards, Jr., Asst. Gen. Counsel, Office of Rent Stabilization, Washington, D. C., on the brief), for appellant.

George L. Creamer, Denver, Colo. (Creamer & Creamer, Denver, Colo., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

The United States brought this action against Carter for statutory damages under § 205 of the Housing and Rent Act of 1947, as amended,[1] 50 U.S.C.A.Appendix, § 1895, and for injunctive relief and restitution of rent overcharges under § 206(b) of the Act, as amended, 50 U.S.C.A.Appendix, § 1896(b). From a judgment for Carter, the United States has appealed.

Four apartments numbered 2, 3, 4, and 5, located at 2413 Washington Street, Denver, Colorado, are involved. In the complaint the United States alleged that Carter leased apartment numbered 2 from April 11, 1950, to February 11, 1951, and apartments numbered 3 and 4 from April 1, 1950, to February 1, 1951, and charged and collected for each of said apartments a rental of $30 per month, and that he rented apartment numbered 5 from April 1, 1950, to March 1, 1951, and charged and collected as rental for such apartment $25 per month.

Carter remodeled the apartments in 1947 and 1948. Thereafter, he filed an application for decontrol, which was denied because the units did not provide gas service.

Carter failed to file with the Office of the Housing Expediter statements registering the units which were first rented in September, 1949, within 30 days of the first rental of the units as required by §§ 4 and 7 of the Controlled Housing Rent Regulation,

1. Hereinafter called the Act.

12 F.R. 4331. On February 20, 1950, Carter filed registration statements for each of the four units. Thereafter, on April 3, 1950, the Office of the Housing Expediter issued Rent Reduction Orders reducing the rent on each of apartments numbered 2, 3, and 4 to $20 per month and on apartment numbered 5 to $17.50 per month. Since the registrations were filed late, the Rent Reduction Orders were made retroactive to September, 1949, in accordance with §§ 4(c) and 5(c) of the Controlled Housing Rent Regulation. Carter took no appeal from the orders issued by the Housing Expediter, as authorized by Rent Procedural Regulation 2, Amendment 3, 14 F.R. 5271.

At the trial, Carter admitted that he charged and collected the excess rentals during the periods averred in the complaint, which covered periods both before and after the Rent Reduction Orders.

Carter undertook to interpose as a defense that he had no prior experience in renting property; that he tried to follow what he understood to be the Rent Office requirements; that he disregarded the Rent Reduction Orders, because he was told by a Mr. Ross, a rent adjuster in the Rent Office, not to do anything until his lawyer, who was absent on a vacation, had returned, and that in making the overcharges he did not wilfully violate the orders.

■ Having failed to seek administrative review of the Rent Reduction Orders, Carter may not challenge the validity of such orders in this proceeding.[2]

■ Since the undisputed facts established affirmatively that Carter violated the rent orders by charging and collecting rents in excess of the maximum legal rentals fixed by such orders, it was mandatory on the trial court to award statutory damages under § 205 of the Act for at least the amount of the overcharges.[3]

■ Reliance, if any there was, on statements made by employees in the Rent Office did not operate as an equitable estoppel to the claim of the United States for statutory damages.[4]

■ Relief by way of restitution is equitable in nature and should be granted or withheld in accordance with traditional equity principles and practices, as conditioned by the necessities of the public interest, which the Act seeks to protect.[5]

■ In awarding restitution the court may take into consideration, as one of the circumstances, the amount of damage claimed and awarded the United States.[6]

The judgment is reversed and cause remanded for further proceedings in accordance with the views herein expressed.

2. Dauksewicz v. United States, 1 Cir., 194 F.2d 52, 55, 56; May v. Maurer, 10 Cir., 185 F.2d 475, 478; United States v. Sharp, 9 Cir., 188 F.2d 311, 313.

3. Mattox v. United States, 9 Cir., 187 F. 2d 406, 408; United States v. Moore, 5 Cir., 182 F.2d 336, 338; United States v. Sharp, 9 Cir., 188 F.2d 311, 313; United States v. Grubl, 9 Cir., 186 F.2d 470, 473; United States v. Ziomek, 8 Cir., 191 F.2d 818, 821.

4. Roupp v. Woods, 10 Cir., 176 F.2d 544, 546.

5. United States v. Fogaley, 10 Cir., 190 F.2d 163, 165; United States v. Ziomek, 8 Cir., 191 F.2d 818, 820, 821.

6. United States v. Ziomek, 8 Cir., 191 F.2d 818, 820, 821.