### UNITED STATES v. TENORIO.
No. 4424.

United States Court of Appeals,
Tenth Circuit.

June 5, 1952.

906

William A. Moran, Sp. Lit. Atty., Office of Rent Stabilization, Washington, D. C., (Ed Dupree, Gen. Counsel, Office of Rent Stabilization, and A. M. Edwards, Jr., Asst. Gen. Counsel, Office of Rent Stabilization, Washington, D. C., on the brief), for appellant.

J. Emery Chilton, Denver, Colo., for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN, and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

The United States brought this action against Tenorio for statutory damages under § 205 of the Housing and Rent Act of 1947, as amended,[1] 50 U.S.C.A.Appendix, § 1895, and restitution of rent overcharges under the provisions of § 206(b) of the Act, 50 U.S.C.A.Appendix § 1896(b). From a judgment for Tenorio, the United States has appealed.

The facts are not in dispute. Tenorio leased the housing accommodations involved for the period from January 1, 1949, to January 1, 1950, to his daughter, Matilda Lovato, and charged and collected a rental of $40 per month. The maximum legal rent for such period was $15 per month.

The rental was paid by the Denver Bureau of Public Welfare on behalf of Lovato.

Under the facts, the United States was entitled to judgment for at least the amount of the overcharges collected and received within one year preceding the filing of the suit, which was for $50.[2]

Relief by way of restitution is equitable in nature and should be granted or withheld in accordance with traditional equity principles and practices, as conditioned by the necessities of the public interest, which the Act seeks to protect.[3]

In awarding restitution the court may take into consideration as one of the circumstances the amount of damage claimed and awarded the United States.[4]

The judgment is reversed and the cause is remanded for further proceedings in accordance with the views herein expressed.

---

1. Hereinafter called the Act.
2. United States v. Carter, 10 Cir., 197 F. 2d 903.
3. United States v. Carter, supra.
4. United States v. Carter, supra.