**McKITTRICK et al. v. UNITED STATES.**

**No. 13088.**

United States Court of Appeals,
Ninth Circuit.

June 10, 1952.

Francis T. Cornish, Berkeley, Cal., for appellants.

Ed Dupree, Gen. Counsel, A. M. Edwards, Asst. Gen. Counsel, Cecil H. Lichliter, Sp. Litigation Atty., Washington, D. C., for appellee.

Before HEALY, ORR and POPE, Circuit Judges.

HEALY, Circuit Judge.

This action was brought by the United States for injunctive relief, restitution, and treble damages pursuant to familiar provisions of the Price Control and Housing and Rent Acts. 50 U.S.C.A.Appendix, §§ 901 et seq., 1881 et seq. The court found that the defendants (appellants here) had knowingly violated the Acts and pertinent regulations. It directed restitution of rental overcharges accruing between July of 1946 and November of 1949 at the rate of $25 monthly, and awarded treble damages in the total sum of $225 for the three-month period falling within one year of the filing of the complaint. It also enjoined future violations.

1. Appellants complain that the court failed to find as to the equities concerning restitution, more particularly that it placed upon them the burden of showing that restitution should not be made. As evidence of this they cite the court's conclusion of law number 5, which reads: "Defendants have failed to satisfactorily show why the equitable power of this Court should not be exercised, or to satisfactorily assume the burden of proving that the acceptance of the overcharges within the year immediately preceding the filing of the complaint herein was not wilful nor the result of failure to take practicable precautions against such occurrence."

The portion of the conclusion following the comma relates, not to the matter of res-

titution, but to treble damages. It indicates, and correctly so, that the burden was on the defendants to prove that the overcharges were not willful nor the result of failure to take practicable precautions. The statutes themselves, namely, § 205(e) of the 1942 Act, and the same numbered section of the 1947 Act, expressly place on the landlord the burden of making that showing if he is to escape the mandatory imposition of treble damages.

There is no basis in the record for assuming, as appellants would have us do, that the court regarded restitution as being other than discretionary. The opening clause of conclusion 5, supra, appears to relate to testimony of the defendants that the tenant offered and willingly contracted to pay a bonus in order to induce the owners to lease the accomodations. Seemingly the court regarded that circumstance as affording no reason why restitution should not be required. See United States v. Grubl, 9 Cir., 186 F.2d 470. It is not claimed that the judge abused his discretion, but merely that he failed to exercise it. The record refutes this view.

■ 2. The remaining point urged is that the court erred in awarding restitution plus treble damages involving, in part, the same overcharges. Appellants argue that the Housing and Rent Act can be construed only as permitting a maximum judgment of three times the overcharge.

This court has noted that where restitution is decreed and statutory damages allowed, the treble damage award has sometimes been reduced by the amount of the restitution required, and that this has been done at the instance of the rent control authorities. Mattox v. United States, 9 Cir., 187 F.2d 406, 408, footnote 2. We did not in that case approve of the practice or hold that it is required by the statute. We said merely that there is "no possible basis in the law for deducting the restitution award where the damages found allowable are the amount of the overcharges, only."

The point has not received a great deal of attention in the circuits generally. In Woods v. Witzke, 174 F.2d 855, 856, the Sixth Circuit saw no incongruity in awarding both treble damages and restitution, and it directed the entry of judgment for both. In the later and more elaborately considered case of United States v. Ziomek, 191 F.2d 818, the Eighth Circuit Court observed that it "found no basis in law for saying, as does the government, that restitution may not be awarded for the period of violation for which treble or single damages have been awarded."

Contrariwise, in Orenstein v. United States, 191 F.2d 184, 192, the First Circuit said, by way of dictum, that "there is no indication that Congress ever contemplated that the maximum liability of even a willful violator should be in excess of three times the amount of the overcharges." It is true that Congress has never in terms indicated that. But neither has it in subsequent reenactments or extensions of the rent control law repudiated the doctrine of Porter v. Warner Holding Co., 1946, 328 U. S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, nor intimated that it is improper to order restitution where statutory damages, single or treble, are awarded. Accordingly it is fair to assume that the courts are free, in appropriate circumstances, to apply both sanctions simultaneously.

Affirmed.