**APPLEWHITE v. JONES.**

**No. 10860.**

United States Court of Appeals Seventh Circuit.

Nov. 9, 1953.

Rehearing Denied Dec. 4, 1953.

Edmund Hatfield, Max R. Naiman, Chicago, Ill., for appellants.

Leon S. Meyer, William Greenhouse, Chicago, Ill., for appellees.

Before MAJOR, Chief Judge, LINDLEY, Circuit Judge, and PLATT, District Judge.

LINDLEY, Circuit Judge.

Plaintiffs brought suit in the District Court to recover treble damages against their landlord on account of alleged overcharges for rent. In order to establish their claim, they asked the court to set aside the Area Rent Director's order decontrolling the premises and to modify his later one fixing maximum rentals prospectively but not retroactively. Our essential question is whether the District Court properly held that it had no power to declare the orders invalid or erroneous. If it had no such jurisdiction, the orders, standing unreversed, control and plaintiffs must be left to such review as they are entitled to have through statutory administrative procedures provided, with review by the Emergency Court of Appeals.

The constitutional sufficiency of the statutory procedure providing a single channel for questioning the validity of a regulation or order of an administrative body relating to price control, through protest procedure and review by the Emergency Court of Appeals, with review by the Supreme Court on certiorari, was considered at length and sustained by the Supreme Court in Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834, and, as to rent control, in Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892. Since those two decisions, few have had the temerity to question the propriety of this exclusive method of procedure and to insist that a District Court of the United States has jurisdiction to set aside orders of rent control authorities. Yet here plaintiffs contend that the District Court was legally empowered to declare that a decontrol order of the Area Rent Office was induced by fraud and was, therefore, invalid and to decide that another order fixing maximum rentals prospectively was erroneous in not also fixing them retroactively.

This is in effect a proposal to undo completely what has been settled law since the Yakus decision. Other courts have repeatedly applied the reasoning to specific situations. Definitive exposition of the rights preserved and the channels litigants must follow, as to orders such as we have here, appears in Judge Maris' opinion for the Emergency Court of Appeals in Dargel v. Henderson, Em.App., 200 F.2d 564. See also Woods v. Stone, 333 U.S. 472, 68 S.Ct. 624, 92 L.Ed. 815; Roupp v. Woods, 10 Cir., 176 F.2d 544; Bozarjian v. Woods, 1 Cir., 175 F.2d 483; Woods v. Bobbitt, 4 Cir., 165 F.2d 673; Woods v. Kaye, 9 Cir., 175 F.2d 886. It follows that the District Court properly held that it was without jurisdiction to declare either order with which we are concerned invalid or erroneous. Only the Emergency Court of Appeals has the power to grant such relief.

Inasmuch as plaintiffs made no showing that they had exhausted their administrative remedies, they can not assail collaterally the orders which they have failed to attack by the methods provided by the Congress. Gates v. Woods, 4 Cir., 169 F.2d 440; Koster v. Turchi, 3 Cir., 173 F.2d 605; Smith v. Duldner, 6 Cir., 175 F.2d 629; Woods v. Durr, 3 Cir., 176 F.2d 273; May v. Maurer, 10 Cir., 185 F.2d 475; United States v. Sharp, 9 Cir., 188 F.2d 311; Feeley v. Woods, 9 Cir., 190 F.2d 228; United States v. Carter, 10 Cir., 197 F.2d 903; Osmond v. Riverdale Manor, 4 Cir., 199 F.2d 75; United States v. Jacovetty, 4

Cir., 204 F.2d 154. As we said, in Cha-Toine Hotel Apts. v. Shogren, 7 Cir., 204 F.2d 256, 258 "It is not for the courts to bypass such administrative procedure * * *." The cases cited by plaintiffs do not militate against this reasoning.

Plaintiffs insist further, however, that the District Court erroneously refused to stay the proceedings in that court "pending appeal to the Emergency Court of Appeals." Assuming arguendo that the question has been properly preserved for our consideration, we encounter an effective barrier to its affirmative decision. Under the Act, Title 50 U.S. C.A.Appendix, § 2108(d) (1), under certain conditions, "the defendant" in a civil suit for enforcement of the Housing and Rent Act of 1947, may apply to the enforcement court for leave to file in the Emergency Court of Appeals a complaint setting forth his objections to the validity of the regulation or order involved. The statute does not purport to extend this privilege to a plaintiff in an action to recover damages, such as the one before us. But if we indulge the assumption that such a plaintiff has this right, the plaintiffs here are not helped, for they did not, as required by the Act, within five days after judgment, present an application for leave to file a complaint such as is defined by Congress. Under the Act parties seeking such a stay shall set forth their objections to the regulation or order involved and the court shall then determine whether the objections are made in good faith. If it finds that there is reasonable and substantial excuse for defendants' failure to present such objections in protests filed in accord with the Act, then and then only it shall allow the application for stay and for leave to file complaint in the Emergency Court of Appeals as to any objection which it finds is made in good faith. This record fails to show whether a protest had been filed or an appeal taken or any other proceeding perfected to review, through administrative channels, the order of the Area Rent Director. In other words, the record is entirely silent upon the essential elements which the court must first consider and find existent before allowing the application. We think that, under the language of the Act, plaintiffs are not within its terms, but, even if they are, that they have not complied with the requisites of a proper application for a stay.

The judgment is

Affirmed.