Clyde **FANCHER**, Helen Fancher, Paul Brott and Hertha S. Brott, Plaintiffs,

v.

Hazel E. **CLARK**, also known as Hazel E. Clark Moore, Defendant.

Civ. A. No. 4279.

United States District Court, D. Colorado.

Dec. 31, 1954.

Goral, Reibscheid & Machol, Brian H. Goral, Jacques A. Machol, Jr., Denver, Colo., for plaintiffs.

Harold G. King, Denver, Colo., for defendant.

CHRISTENSON, District Judge.

Plaintiffs have sued to recover statutory damages and attorneys' fees under Section 205 of the Housing and Rent Act of 1947, as amended, 50 U.S.C.A. Appendix, § 1895.

In the complaint it was alleged that on the 27th day of March, 1952, the Office of Rent Stabilization ordered that the maximum rent for certain housing accommodations be decreased to $50 per month, effective July 1, 1947; that dur-ing the period May 18, 1950 to October 22, 1951, the defendant landlord collected rental overcharges from plaintiffs Clyde Fancher and Helen Fancher, of $247 and from the Brotts of $200. Judgment for three times these amounts, with attorneys fees, interest and costs, was demanded.

Defendant in her answer denied that she was a "landlord" or that the property in question was a "controlled housing accommodation" within the purview of the Act, and denied that the Office of Rent Stabilization had jurisdiction of either the property or the person of the defendant to order retroactively a reduction of rent during the period she owned the property. As affirmative defenses, she alleged that plaintiffs have been guilty of laches, prejudicial to her, by reason of their paying rent without objection, and their delay in filing the complaint and serving summons, and because defendant as a result of such conduct and without knowledge of any claim, sold the property on October 18, 1951, and in December, 1952 (by amendment changed to 1951) established her residence in California; that the Fanchers are estopped from maintaining this action by reason of a statement made by Helen Fancher to defendant prior to the purchase of the property to the effect that the rent thereon was $70 per month and that having been built since the war, it was not subject to rent control; that the enforcement of the retroactive order reducing rents would deprive plaintiff of her property without due process of law; that it would deny to defendant the equal protection of the law by reason of exclusion from its operation of the period between the time plaintiff sold the property to another and the date of the order; and that plaintiffs failed to bring this action within one year of the date of the alleged violation as required by Section 205(c) of the Act, 50 U.S.C.A.Appendix, § 1895(c). It has been further urged that the defendant did not reside in the district in which this action was brought, nor did any part of any act or transaction con-

stituting a violation occur here, and therefore, that the Court has no jurisdiction to entertain the action.

The basic question which separates the parties is whether the defendant is in a position to question the validity of the maximum rent order involved in view of her claimed failure to exhaust administrative remedies.

At the pre-trial conference it was agreed that the exact amount of what would be an overcharge if the rent reduction order were valid is $330 rather than the $447 claimed in the complaint; and that plaintiffs' exhibit No. 5, "Notice of Proceedings by Rent Director" was received by the defendant at Banning, California on March 14, 1952. It was mailed according to a notation thereon on March 5, 1952.

This exhibit, addressed to Hazel E. Clark at 1564 Franklin, Denver, Colorado, among others, stated:

"A preliminary investigation by the Rent Director indicates that the maximum rent for the described accommodations should be decreased on the grounds stated in Section (s) 157 of the Rent Regulation. Therefore, the Rent Director proposes to decrease the maximum rent from $70 per month to $50 per month. * * * The Rent Director further proposes that the order decreasing the maximum rent shall be effective to reduce the rent from July 1st, 1947 (see below) for the reason(s) stated in Section (s) 83 of the Rent Regulation. * * * In the event you wish to file a reply to this proposed action, such reply must be filed within 10 days from the date of this notice. * * * If no reply and supporting evidence are filed within the above period, the Rent Director may enter an order decreasing the maximum rent without further notice."

This notice further provides that the landlord shall be relieved from the duty to refund any rent collected in excess of $50 per month between November 22, 1951 and the next rent payment date after issuance of said order.

There was received in evidence at the pre-trial conference, subject only to objection on the grounds of materiality and competency, copy of an order issued by the Area Rent Director on March 27, 1952, the terms of which are in accordance with the above mentioned notice. Endorsed on this order is a certificate that "Exact copy mailed to landlord and tenant on Mar. 27, 1952."

Defendant's counsel concedes in his brief that "no registration statement was ever filed by the defendant or by any previous owner of the property." While not expressly appearing, it was implicit in the arguments and conceded during the pre-trial conference that defendant made no attempt to object to the proposed order of which she received notice on March 14, 1952, or to inquire about, or appeal from, the subsequent order, although she denies having received a copy of such subsequent order.

■ Following the pre-trial conference, plaintiffs moved for summary judgment against the defendant and defendant moved for summary judgment against plaintiffs. The broad question is whether the pleadings and admissions on file show that there is no genuine issue as to material facts and that one or more of the parties is entitled to judgment as a matter of law. Fed.Rules Civ.Proc. rule 56, 28 U.S.C.A.

■ Defendant's motion for summary judgment of "no cause of action" against plaintiffs is denied. From any viewpoint she could not be entitled to judgment as a matter of law on the present record.

■■ In considering the real problem of whether summary judgment must be granted against the defendant, I take cognizance of the rule stated in Schreffler v. Bowles, 10 Cir., 1946, 153 F.2d 1, certiorari denied 328 U.S. 870, 66 S.Ct. 1366, 90 L.Ed. 1640. The purpose of a summary judgment is to permit speedy and expeditious disposal of cases where the pleadings do not as a matter of fact

present any substantial question for determination or where formal allegations of fact in pleadings may be pierced, and it appears from uncontroverted facts set forth in affidavits, depositions or admissions on file that there are no genuine issues for trial. Flimsy or transparent charges or allegations are insufficient to sustain a justiciable controversy requiring submission thereof for trial.

It is conceded by plaintiffs that if they were insisting upon liquidated damages of three times the amount of the claimed overcharge there would be a substantial issue of fact as to whether such overcharge was wilful or the result of failure to take practical precautions. 50 U.S.C.A.Appendix, § 1895(a). However, for the purposes of their motion for summary judgment, plaintiffs have waived any claim for refund except in the amount of actual overcharges.

■■ It is admitted by the plaintiffs that summary judgment cannot be granted as to the amount of attorneys' fees since there is an issue on what would be a reasonable sum. However, in cases such as this the Court could grant summary judgment on specific primary issues if circumstances justified, leaving for future hearing a determination of such matters as amount of attorneys' fees or damages. Bates v. McClees, D.C.E. D.Pa., 1948, 76 F.Supp. 939; Fed.Rules Civ.Proc. rule 56(c), 28 U.S.C.A.

Consideration of the basic question of whether defendant is in a position to question the validity of the maximum rent order in this Court will be deferred until after determining whether defenses touching other points preclude summary judgment. These other defenses will be examined in the order inverse to that in which they are above noted.

■■ This Court has jurisdiction to entertain the action, despite the fact that it is claimed that defendant does not reside within the district and did not reside here when the order of the Rent Administrator reducing maximum rents was made. Apart from the question of venue, it is clear that the Court

has jurisdiction over the person of the defendant. It is conceded that she has been duly served with process and she has entered her appearance. This proceeding could be brought in any district in which any part of the act or transaction constituting the violation occurred, or in any district where the defendant resides or transacts business and process could be served in any district where the defendant could be found. 50 U.S.C.A. Appendix, § 1896(c). It cannot be controverted that the part of the transaction which involved the collection of rent and which in connection with the subsequent order gave rise to the claim for refund, occurred in Colorado. The property is situated here. It would be a strained interpretation of the statute to hold that a landlord without registering a rental accommodation, could collect in one district unauthorized rent and then could deprive the courts of that district from entertaining a suit based on such collection by moving before the Rent Administrator was able to discover defendant's omission and to enter an order. Under such circumstances, to require a plaintiff to bring suit in a distant district, and to produce witnesses there, far removed from the situs of the property involved and from the place where at least the major part of the transaction on which the violation is based occurred, would seem unreasonable. The statute must be reasonably construed, and as so construed, its terms do not support defendant's contention.

■ There is no merit in the contention that because summons was not served, although complaint was filed, within one year from the rent reduction order, the action for refund is barred. Judge Knous already has decided, against the defendant's contention, that the Court has not been deprived of jurisdiction to enter judgment for plaintiffs by their failure to commence this action within the one year period fixed by statute. An order denying defendant's motion to dismiss on this ground already appears of record. There is no reason to disturb this ruling. See Woods

v. Stone, 1948, 333 U.S. 472, 68 S.Ct. 624, 92 L.Ed. 815.

██ Defendant claims that enforcement of the rent order against her would deny to her the equal protection of the laws, in view of its provision exempting the period November 22, 1951 to the date of the order from the rental refund provision. The former date is about the time defendant claims she sold the property. To make a different provision concerning refund as between two different landlords, or as between two different periods, in no sense denies equal protection of the law. The director under the regulations had discretion to order retroactively the refund of rent, or not, as he determined, depending upon whether the particular landlord negligently or deliberately failed to register the rental unit. Rent Regulation 1, Sec. 83 (a, b), 157, 16 F.R. 12879 et seq. It will not be presumed, from the mere claim, that the rent director failed to properly exercise his discretion. In any event, should he have erred in his determination as to which ownership involved a negligent or wilful failure to register, this would not amount to a denial of the equal protection of the laws in a constitutional sense. At most, this would relate to the validity or regularity of the order, which question hereafter will be considered.

██ It is claimed that the enforcement of the retroactive order against defendant would deprive her of property without due process of law. I believe that under the 1947 Act as well as the 1942 Act the power existed to exact rent refunds retroactively in the event of failure to register such rental accommodations, despite the holding in the case of United States v. McCrillis, 1 Cir., 1952, 200 F.2d 884, relied upon by defendant. Under the Emergency Price Control Act of 1942 similar provisions were passed upon in the case of Woods v. Stone, supra, 68 S.Ct. at page 627, wherein it is stated:

 " * * * This is not the case of a new law reaching backwards to

make payments illegal that were free of infirmity when made. By legislation and regulation in force before the collections were made, the landlord's own default in registering had rendered these payments conditional, subject to revision and to refund. Readjustment under these conditions cannot be said to be retroactive law making."

The case of United States v. Carter, 10 Cir., 1952, 197 F.2d 903, upheld a retroactive award without question on that point. In United States v. E. F. Metzner Co., Inc., D.C.W.D.Ky., 1951, 96 F. Supp. 792, it was held that where a landlord rents new housing accommodations but disobeys the regulatory scheme and fails to file a registration statement, if he chooses to collect rent that he, himself, has fixed, he can do so only contingently and the administrator may fix what was the proper amount from the beginning, and that the excess is illegal and must be refunded under the Housing and Rent Act of 1947, as amended. In United States v. Jacovetty, 4 Cir., 1953, 204 F.2d 154, 155, it is determined that the Area Rent Director under the 1947 Act had authority to issue retroactive rent orders, which could not be challenged by a landlord in view of his failure to exhaust administrative procedures provided by the Act. The Court said:

 "Appellee cannot be permitted to profit to the extent of her overcharges because of her failure to file within the time specified in the statute, nor should she be heard to complain of an order in which the period of retroactivity was occasioned by her default."

Moreover, on this point too, the question relates to the validity of the Act, which is covered more particularly hereinafter.

██ Defendant alleges in her answer that at the time the defendant purchased the premises in question, and for a long time prior thereto, plaintiffs, Clyde Fancher and Helen Fancher, were tenants in possession thereof; and that

prior to purchasing the real estate in response to defendant's inquiry as to any rent ceiling, Helen Fancher stated that "The rent was $70 per month and that said property having been built since the war was not subject to rent control." I do not believe this allegation in the answer raises a substantial issue of fact precluding summary judgment. Many of the same reasons which support the well-settled rule that unauthorized agreements or representations of subordinates in the Housing and Rent Administration do not estop the United States or a tenant from relying upon a rent order to the contrary, preclude the recognition of any estoppel here.

In Roupp v. Woods, 10 Cir., 1949, 176 F.2d 544, 546, it was claimed by the defendant landlord, among other things, that the Housing Expediter and the United States were estopped to sue on the refund orders entered in violation of the representation and promise of the Area Rent Director that no such orders would be entered. "The contention does not call for extended discussion. Verbal statements of the kind and emanating from the source pleaded in the answer do not give rise to equitable estoppel in a case of this character. * * *" Among the cases cited in this opinion is the Tenth Circuit case of Schreffler v. Bowles, supra [153 F.2d 4], wherein it is pointed out that a landlord desiring an interpretation of his rights and liabilities had his remedy under the law, which could not be substituted for by informal conversations or opinions. "Having failed to comply with the prescribed method for obtaining an official ruling, appellants were not entitled to rely on an unofficial, oral opinion, and no estoppel arose thereby."

In United States v. Grubl, 9 Cir., 1951, 186 F.2d 470, 472, in a suit against a landlord for excess rent, it was held that a voluntary agreement by the tenant with the landlord as to rental to be paid is no defense, and that "Where a statutory proscription is placed upon one party he may not plead the collusion of a third party in justification for violation of a statutory edict."

Popplewell v. Stevenson, 10 Cir., 1949, 176 F.2d 362, 364, involved an action under the Emergency Price Control Act to recover damages and attorneys' fees for alleged overcharges in rent, wherein rent regulation exempted from provisions of the Act a structure of more than twenty-five rooms, and the contract of lease, signed by the tenant recited that the hotel in question contained twenty-six rooms. It was held that the recitation did not operate as an estoppel since the action was not founded on the contract but was merely collateral to it. The Court added: "Moreover, Regulation 825.10, section 1(9) (d) provides that an agreement by the tenant to waive the benefit on any provision of the regulation shall be void."

 Aside from the fundamental reason that the law does not permit the recognition of an estoppel on the basis contended for by defendant, there are additional reasons which in and of themselves would indicate to me that there is no good faith issue in this respect precluding summary judgment. The pleading is fatally deficient in foundation for any equitable estoppel, which must be specifically pleaded. Fed.Rules Civ.Proc. rule 8(c), 28 U.S.C.A. Among other things, it fails to allege knowledge on the part of the person claimed to have made the statement, any duty on her part to be informed, particularly on the legal problems, or any basis on which the defendant could have reasonably relied thereon in view of her presumed knowledge of the law, her duty to register the rental unit, and the availability to her of pertinent information through inquiry at the rent office. There is no showing that any estoppel from words of Mrs. Fancher could reasonably operate against the other plaintiffs. Finally, the pre-trial stipulation and order, in specifying the issues reserved for determination at the trial, do not refer to any claimed estoppel.

The claim of laches is not justified. The action was filed within one year from its accrual. See Woods v. Stone, supra. As is evident from the authorities cited in connection with my discussion of estoppel, and from the terms of the Act, payment of overcharges by the tenant does not foreclose him from relying upon the provisions of the law concerning refunds. There is no indication in the authorities or the law that payment under protest of rent overcharges is a prerequisite to recovery by the tenant.

Defendant, as her primary contention, asserts that she was not a "landlord", nor was her property a "controlled housing accommodation", within the purview of the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1892(c). She infers, if not directly alleges, that the improvements involved were constructed since the war and that for this reason they were not subject to rent control. Because the preliminary notice was not sent to the current address of defendant but was received by her in another state only three days before its terms required her to file a reply, and because, as contended by her, she did not receive a copy of the final order, it is argued that this order is invalid. It is further contended that neither the Housing and Rent Act of 1947, nor the regulations pursuant thereto, preclude a defendant charged with an enforcement suit with having violated an administrative regulation or order from setting up the defense of its invalidity because of his prior failure to make use of available administrative procedures.

In support of the last mentioned proposition, the cases of Smith v. United States, 1 Cir., 1952, 199 F.2d 377, and United States v. McCrillis, supra, are cited by defendant and strongly relied upon. There is no doubt that these cases support defendant's position, if certain fact differences are to be ignored—and to an extent, even taking such fact differences into consideration. To a similar effect are Woods v. Laabs, D.C. W.D.N.D.Mich., 92 F.Supp. 220; Hugo-

ny v. La Guardia, 1952, 110 Cal.App.2d 433, 242 P.2d 893, and Delsnider v. Gould, 1946, 81 U.S.App.D.C. 54, 154 F. 2d 844, (although the latter decision turns upon a substantially different point). The theory of this line of decisions concedes that under the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901 et seq., exhaustion of administrative remedies was necessary before recourse to a district court could be had, since the power to pass on the validity of price control orders was vested exclusively in the Emergency Court of Appeals. It is also conceded that if the landlord were seeking equitable relief against a price order he would have to show an exhaustion of administrative remedies as a prerequisite. Other cases argue that the application of this doctrine is discretionary with the Court, depending upon the circumstances. See United States v. Fritz Properties, Inc., U.S.D.C., N.D.Cal., 1950, 89 F.Supp. 772; also for general discussion concerning "Exhaustion of Administrative Remedies", 39 Cornell Law Quarterly 273.

It is unnecessary to further discuss these various theories and rulings. The question in this jurisdiction has been positively answered by Chief Judge Phillips, speaking for a unanimous Court in United States v. Carter, supra [197 F. 2d 905], which answer is binding upon me. This case is nicely in point on the facts, involving failure of registration by the landlord, his claim of estoppel, a retroactive rent refund order, and a failure to appeal under the Housing and Rent Act of 1947. The Circuit Court in reversing the lower court and holding that judgment for at least the amount of the overcharge was required as a matter of law, commented, "Having failed to seek administrative review of the Rent Reduction Orders, Carter may not challenge the validity of such orders in this proceeding." Defendant herein, after notice of the proposed order was admittedly received, failed to file any reply or protest, failed to make any inquiry, failed to take any appeal, and utterly disregarded the administrative process.

While this Carter decision was criticized by the First Circuit, Smith v. United States, supra, 199 F.2d at page 382, note 3, that criticism seems not warranted. The Carter decision represents the weight of authority generally, and certainly it reflects the firmly established rule in this jurisdiction under the 1947 Act as well as under the Act of 1942. See also Roupp v. Woods, supra, granting summary judgment as against the landlord's claims of a complete absence of preliminary notice; May v. Maurer, 10 Cir., 1950, 185 F.2d 475, holding that the administrative remedy against a claimed invalid order under the 1947 Act was a petition to the Area Rent Director for relief and in the event of denial, an appeal to the Housing Expediter; and Constantin v. Martin, 10 Cir., 216 F.2d 312, applying as late as October, 1954 a similar rule to a proceeding before a State Commission.

■ The authority of these cases should be sufficient. However, there is a further reason why this Court cannot open up the question of the validity of the order in question—a reason arising since the Carter case was decided in this circuit, and one which is recognized as a good and sufficient ground even in the First Circuit, defendant's chief reliance. In United States v. McCrillis, supra, the First Circuit Court of Appeals, in explaining its holding that the trial court was authorized to pass upon the validity of the order in question despite the Defense Production Act, said:

"The afore-mentioned provisions of the Defense Production Act Amendments of 1952, withdrawing jurisdiction from the district courts to determine the validity of a rent regulation or order, is inapplicable to the case now before us, since the judgment of the district court in favor of the defendant landlords was entered March 27, 1952, which was prior to the date of the enactment of the 1952 Act." 200 F.2d at page 887.

In the present case, I am called upon to decide the matter after the 1952 provisions last above referred to have become law. The Defense Production Act of 1950 provides for consideration by the Emergency Court of Appeals of questions affecting the validity of certain price orders either prior to judgment or within five days after judgment upon application of a defendant. 50 U.S.C.A.Appendix, § 2108. By the 1952 amendment to the Housing and Rent Acts effective June 30, 1952, it is provided in effect that rent orders such as the one involved herein are subject to the proceedings for protest and review as are provided by the Defense Production Act of 1950 above referred to. C. 530, Title II, §§ 201(b), 202, 66 Stat. 306, 50 U.S.C.A.Appendix, § 1894(r). The 1950 Act specifically provides: "* * * Except as provided in this section, no court, Federal, State or Territorial, shall have jurisdiction or power to consider the validity of any such regulation or order relating to price controls * * *." 50 U.S.C.A.Appendix, § 2108(d).

■ Changes in procedural or remedial law are generally to be regarded as immediately applicable to existing causes of action and not merely to those which may accrue in the future unless a contrary intent is expressed in the statute. The 1952 amendment should be deemed to govern this Court in the present action. See Dargel v. Henderson, Em.App.1952, 200 F.2d 564. For this additional reason it appears that I must assume the validity of the order upon which this action is founded.

Plaintiffs' motion for summary judgment against the defendant for the sum of $330, together with taxable court costs and reasonable attorneys' fees is hereby granted. The Court will reserve for further hearing the fixing of the amount of attorneys' fees and the determination of the portion of said judgment to which the respective plaintiffs are entitled. The record before me now does not permit the latter determinations. Parties will be notified of a hearing date on these remaining issues.